FILED
DEC 2 9 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>         Plaintiff,<br><br>vs.<br><br>UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>         Defendant. | Case No. A05-0078 CV (RRB)<br><br><u>**ORDER GRANTING MOTION TO DISQUALIFY COUNSEL**</u> |

I. INTRODUCTION

Defendant Union Oil Company of California ("Unocal") moves to disqualify Plaintiff Forest Oil Corporation's ("Forest") counsel, Patton Boggs LLP ("Patton Boggs"). Unocal argues that Patton Boggs is both representing Unocal in a separate lawsuit and suing Unocal in this lawsuit, a breach of Alaska Rule of Professional Conduct 1.7.[1] Forest opposes and argues that disqualification is not necessary because the other lawsuit is

---

[1] Clerk's Docket No. 21 at 1-2.

ORDER GRANTING MOTION TO DISQUALIFY COUNSEL - 1
A05-0078 CV (RRB)

unrelated to the present case and such a response would not be just or fair.[2]

Because the Court concludes that Patton Boggs is in violation of Rule 1.7 of the Alaska Rules of Professional Conduct, Unocal's Motion is **GRANTED**.

## II. FACTS

The attorneys of record for Forest are Kyle W. Parker and David J. Mayberry, both of Patton Boggs. These same attorneys from Patton Boggs are also the attorneys of record for the defendants, including Unocal, in Trading Bay Energy Corp. v. Marathon Oil Company and Union Oil Company of California ("Trading Bay").[3] Trading Bay is currently pending on appeal to the Ninth Circuit.[4]

## III. DISCUSSION

"Of the many ethical requirements placed upon lawyers, one of the most significant is loyalty to the client."[5] To prevent the division of an attorney's loyalty, the Alaska Rules of Professional Conduct 1.7 states:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

---

[2] Clerk's Docket No. 26 at 27.

[3] Clerk's Docket No. 21 at Ex. A at 7.

[4] Case Nos. 04-36001 and 04-36086 (consolidated).

[5] Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 842 (2001).

>   (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>   (2) each client consents after consultation.

Explaining this Rule, the Comments state that "a lawyer ordinarily may not act as an advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated."

There are no relevant decisions interpreting this provision in the civil context in Alaska or in the Ninth Circuit. As a result, Forest argues that the standard developed in the Second Circuit should be applied here.[6] The Second Circuit distinguishes between a "traditional client" and a "vicarious client."[7] For traditional clients, the per se rule applies whereby "adverse representation is prima facie improper" and to continue the representation, the attorney must show "that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation."[8] For vicarious clients, the substantial relationship rule applies and "the former client [must] show no more than that the matters embraced within the pending suit wherein his former attorney appears . . . are substantially related to the

---

[6] The relevant Second Circuit cases concern

[7] Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 749 (2d Cir. 1981).

[8] Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1386-87 (2d Cir. 1976).

ORDER GRANTING MOTION TO DISQUALIFY COUNSEL - 3
A05-0078 CV (RRB)

matters or cause of action wherein the attorney previously represented him, the former client."[9]

The Second Circuit developed this rule in a case where the issue was "whether . . . a law firm that represents an incorporated trade association may represent an individual client in a suit against a corporation one division of which is a member of the association."[10] The Court held that the substantial relationship test "should be applied to suits brought by an association's law firm against an association member."[11] However, as far as the Court is aware, this judicially-created exception has not been expanded to encompass other circumstances.[12] The Court is not persuaded that it should expand the exception in a circumstance

---

[9] T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265, 268-69 (S.D.N.Y. 1953). See also Glueck, 653 F.2d at 749-50 (adopting the substantial relationship test for vicarious clients).

[10] Glueck, 653 F.2d at 747.

[11] Id. at 749-50.

[12] See Discotrade, Ltd. v. Wyeth-Ayerst Intern., Inc., 200 F. Supp. 2d 355 (S.D.N.Y. 2002)(holding that the exception did not apply to corporate subsidiaries of a single corporate parent); City of Kalamazoo v. Michigan Disposal Service, 151 F. Supp. 2d 913 (W.D. Mich. 2001)(agreeing with the Magistrate Judge that it is illogical to conclude that the law firm only represented the Joint Defense Group, and not the constituent defendants in the group); British Airways, PLC. v. Port Authority of New York and New Jersey, 862 F. Supp. 889 (E.D.N.Y 1994)(holding that the exception did not apply when the law firm for Plaintiff British Airways is also the counsel in personal injury suits for Defendant Port Authority pursuant to a lease agreement with British Airways to represent and indemnify the Port Authority when a person is injured within the airline's leasehold).

where there is no entity, such as an association, standing between Unocal and Patton Boggs. A joint defense agreement should not be considered such an entity.

The Court reaches this conclusion for a number of reasons. First, the Court agrees with the Court in City of Kalamazoo that it is illogical to conclude that Patton Boggs represented only the joint defense group and not the constituent defendants of the group. The joint defense group existed solely within the confines of the Trading Bay matter and has no purpose separate from that litigation. This distinguishes the group from associations, where the association is a separate entity from its individual members. Second, there was no third-party standing between the law firm and Unocal. This relates to the previous argument; a joint defense group is not a separate entity apart from its constituents. Therefore, even though Unocal's relationship with Patton Boggs may be more attenuated than that of its relationship with its attorney in this case, that attenuation is not as sharp as when there is a separate entity between the law firm and the client.

Turning to Rule 1.7, the Rule States that, "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client. . . ." Thus, if Unocal is a client of Patton Boggs in the Trading Bay matter, then Patton Boggs may not bring an adverse action against Unocal in a separate

action. Here, Unocal, as a member of the joint defense group, is such a client. First, while Unocal may not have directed such litigation, Unocal participated in meetings, paid fees for the representation, and relied on the advocacy skills of Patton Boggs. Second, Patton Boggs appeared as the attorney of record for Unocal in Trading Bay. Third, Unocal is a current client of Patton Boggs because Trading Bay is currently pending before the Ninth Circuit. Finally, there is no exception under Rule 1.7(a)(2) because Unocal has not consented to Patton Boggs representing a client directly adverse to it.

The Court agrees with Forest that disqualification is not automatic upon finding that an ethical rule has been violated.[13] The Court is especially wary of such a sanction in this case because: (1) the attorneys have a long-standing relationship with Forest; (2) there is a reduced risk of divided loyalties given that Unocal's interests in Trading Bay are directly aligned with the other members of the joint defense group; and (3) the potential of using attorney disqualification as a litigation tactic. However, this case differs significantly from all other decisions relied on by Forest. Namely, it is not merely the same firm involved in both disputes, it is actually the same two attorneys. This is a

---

[13] See Concat LP v. Unilever, PLC, 350 F. Supp.2d 796, 814-15 (N.D. Cal. 2004); United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980); Cinema 5 Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976).

ORDER GRANTING MOTION TO DISQUALIFY COUNSEL - 6
A05-0078 CV (RRB)

conflict that cannot be cured by an ethical wall, nor by any other means. Further, even if the Court accepts Forest's argument that there will be no actual conflict in loyalties, "the appearance of impropriety" cannot be avoided.[14]

The Court does not make this decision lightly and recognizes the great prejudice to Forest by being prevented the counsel of its choice and the attendant ramifications. The Court also recognizes defense counsel's good faith on this issue and is not casting aspersions with regard to them. However, the duty of loyalty is a fundamental rule and necessary to maintain the integrity of the legal profession.[15] Finally, the Court is unpersuaded by Forest's argument that because Unocal failed to object to prior breaches of Patton Boggs' duty of loyalty, it is precluded from doing so now. The Court does not know the details of these other instances, and regardless, such inaction does not qualify as a waiver under Rule 1.7. Thus, while the Court

---

[14] Cinema 5, LTD, 528 F.2d at 1387 ("the attorney must be prepared to show, at the very least, that there will be no actual or apparent conflict in loyalties."); International Business Machines Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978) ("we have held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety.").

[15] See International Business Machines Corp., 579 F.2d at 283 ("An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public. The maintenance of the integrity of the legal profession and its high standing in the community are important additional factors to be considered in determining the appropriate sanction for a Code violation.").

ORDER GRANTING MOTION TO DISQUALIFY COUNSEL - 7
A05-0078 CV (RRB)

recognizes the severe hardship disqualification places on Forest, it finds that such action is required.

For the foregoing reasons, Defendant's motion is **GRANTED**. Because there are also multiple motions for summary judgment before the Court, the Court will stay addressing these motions until February 1, 2006, to allow Forest to decide how to proceed.

ENTERED this 28 day of December, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

A05-0078--CV (RRB)
/B. JAMIESON (LANE)
/K. PARKER (PATTON)   12.30.05

ORDER GRANTING MOTION TO DISQUALIFY COUNSEL - 8
A05-0078 CV (RRB)