Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA No. 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email:   jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                           Plaintiff,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA<br>d/b/a UNOCAL ALASKA,<br><br>                           Defendant. | Case No. A05-0078 CV (JKS)<br><br>**DECLARATION OF<br>DONALD A. PAGE** |

I, Donald A. Page, declare as follows:

1.   I am employed as Manager Accounting and Finance by Chevron North America Exploration and Production, which has purchased defendant Unocal; I held the same position with Unocal. This affidavit is provided in reference to Unocal's Motion for Partial Summary Judgment Re: Paragraph 22, Tool Rental.

2.   As used in this motion, the term "tools" is a generic term broadly describing tools and equipment used in the drilling of a well or occasionally in other Oil and Gas operations. Tools used in the Trading Bay Fields may be owned either by Unocal or by the Trading Bay Unit itself. The rental for tools used in the Trading Bay Fields, and any credits relating to those tools, were charged to the Joint Account for the Unit.

3.   The allegation in paragraph 22 of Forest Oil's Complaint regarding the "over $1 million" charge for tool rental was based on Forest Oil's 2002 Audit Exception No. 6 (attached as

**EXHIBIT E
PAGE 1 OF 3**

Exhibit E-1 hereto), which states in part: "The Operator charged various Trading Bay Unit properties/AFEs $1,009,682.19 for rental charges on Operator owned equipment."

4. The $1,009,682.19 in charges for tool rental claimed in Forest Oil's Audit Exception No. 6 was for tools owned by both Unocal and the Trading Bay Unit itself. Therefore, paragraph 22 of the Complaint is incorrect in alleging that "over $1 million" was charged for tools owned by Unocal; the charges just for the Unocal-owned tools never totaled more than $1 million.

5. To the extent that the $1,009,682.19 figure in the Audit Exception includes charges for tools owned by the Trading Bay Unit, that figure (and thus the figure stated in the complaint) is incorrect and significantly overstated because it does not take into account *credits* for the use of the Trading Bay Unit tools. The 2002 tool rental charges made by Unocal consisted of 154 journal entries, each of which was backed up by individual supporting details relating to individual equipment items. Of those 154 entries, 80 entries (that is, 52% of the total) were for tools owned by the Trading Bay Unit, and not by Unocal. For each and every one of those 80 entries, the usage charge which Forest Oil objected to in its Audit Exception No. 6 was matched by an equal, dollar-for-dollar offsetting credit to the Trading Bay Unit.

6. Taking into consideration the credits, all of the 80 entries ended up as a wash as far as the whole Trading Bay Unit was considered, with the charges exactly equaling the credits and resulting in a net cost to the Trading Bay Unit of zero. Despite the fact that there were 80 such wash entries, Forest Oil's Audit Exception No. 6 did not include a single wash entry in taking exception to the $1,009,682.19 figure. That is, Forest Oil added in the charges for the 80 entries *without subtracting the offsetting credits*. Out of the $1,009,682.19 billed to the Trading Bay Unit, $157,958.92 was credited to the Trading Bay Unit for the 80 entries representing Trading Bay Unit tools.

7. Further, an additional $82,028.88 of credits were issued to the Trading Bay Unit for tool rental charges to non-Trading Bay Unit properties. Adding this to the credits for the 80 entries as set out above, the total amount of credits issued for the 2002 tool rental was $239,987.80.

8. Therefore, by ignoring the credits for the 80 wash entries and for the tool rentals to non-Trading Bay Properties, Forest Oil's Audit Exception No. 6 and paragraph 22 of the complaint

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

overstated the actual amount of the tool rental charge for 2002 by almost $240,000, or approximately 24% of the $1,009,682.19 figure.

9. The Operating Agreements for the Trading Bay Field incorporated the terms of the COPAS Procedures. By the express terms of Section 7 of the COPAS Procedures, Unocal could have chosen either paragraph 7A or paragraph 7B of Section 7 by which to account for tool rental. Unocal chose to use the methods in Paragraph 7B for the 2002 tool rental charges. Rental charges made to the Joint Account for tools owed by Unocal were made in full conformity with the provisions of paragraph 7B of the COPAS Procedures; that is, the rental charge was calculated at the "average commercial rate" in the area of the Trading Bay Properties, less a discount of 20%.

10. Forest Oil's auditor's failure to acknowledge the credits is a violation of the COPAS Procedures. COPAS's Accounting Guide (AG)-19 provides in Section II(A)(2)(g): "The Lead Auditor's responsibilities for work at the Operator's office include the following ... (g) Informing the Operator of observations that may lead to adjustments favorable to the Operator." Exhibit E-2 to Page Dec. Forest Oil thus should have called attention to the credit offsets associated with the tool rental exception, but did not. One of the defining traits of a professional Joint Venture auditor is that he/she will always include bookings that understate charges to the Joint Account, when documenting and quantifying a recurring exception that in total overstates charges to the Joint Account. Unocal's Joint Venture auditors always do so. It is not only the *right* thing to do, but it also goes a long way toward establishing credibility with the Operator.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Donald A. Page

I certify that on March _____, 2006, a copy
of the foregoing was served by ECF on:

Jeffrey M. Feldman   feldman@frozenlaw.com

  s/ Brewster H. Jamieson
017351.0040/152357.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**Declaration of Donald A. Page**
*Forest Oil Corporation v. Unocal Alaska* (Case No. A05-0078 CV (JKS))

**EXHIBIT E**
**PAGE 3 OF 3**