IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>          Plaintiff,<br><br>vs.<br><br>UNION OIL COMPANY OF AMERICA,<br>d/b/a UNOCAL ALASKA,<br><br>          Defendant. | Case No. 3:05-cv-0078-RRB<br><br><br>**ORDER DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

Defendant Union Oil Company of California ("Unocal") moves for summary judgment dismissing Plaintiff Forest Oil Corporation's ("Forest") claim for equitable relief in the form of a declaration that Unocal acted imprudently and an injunction to remove Unocal as the operator of the Trading Bay Unit and Trading

Bay Field ("Trading Bay Properties").[1] Forest disagrees and argues that Unocal's motion is without merit.[2]

Because the Court concludes that Unocal is not entitled to judgment as a matter of law, Unocal's Motion for summary judgment is **DENIED.**

## II. FACTS

Forest and Unocal own working interests in several offshore oil and gas leases located in Alaska's Cook Inlet.[3] There are four agreements that govern the relationship between Forest and Unocal regarding the development and operation of the Trading Bay Properties. These agreements are:

1. The Trading Bay Unit Operating Agreement ("TBUOA").[4]

2. The Trading Bay Field Operating Agreement ("TBFOA").[5]

3. The Unit Agreement for the Development and Operation of the Trading Bay Unit, State of Alaska ("TB Unit Agreement").[6]

---

[1] Clerk's Docket No. 19.

[2] Clerk's Docket No. 31.

[3] Clerk's Docket No. 18 at 3.

[4] Clerk's Docket No. 23 at Ex. A.

[5] Id. at Ex. B.

[6] Id. at Ex. C.

      4.    The Alignment Agreement Trading Bay Field/Trading Bay Unit.[7]

Unocal is the Operator for the Trading Bay Properties.[8] The agreements govern removal of the Operator.[9]

Forest brought suit against Unocal alleging, <u>inter alia</u>, that it is entitled to equitable relief due to Unocal's imprudent conduct in operating the Trading Bay Properties.[10]

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[11] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[12] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue

---

[7] <u>Id.</u> at Ex. A. for Tabler Declaration.

[8] <u>Id.</u> at Ex. A at 17 and Ex. B at 11.

[9] <u>See</u> <u>Id.</u> at Ex. A at 17, Ex. B at 11, and Ex. C at 8.

[10] Complaint at ¶ 27.

[11] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[12] <u>Id.</u> at 323-25.

for trial.[13]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[14]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[15]

**IV. DISCUSSION**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.[16]

First, the district court must determine whether there is an actual case or controversy within the jurisdiction.[17]  If there is, "the

---

[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[14] Id. at 255.

[15] Id. at 248-49.

[16] Alaska's Declaratory Judgment Act also provides that relief is available "whether or not further relief is or could be sought." Laverty v. Alaska Railroad Corp., 13 P.3d 725, 729 (Alaska 2000).

[17] Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).  Unocal argues that the Court should only consider the standard for obtaining injunctive relief.  However, given that Forest has not even obtained the declaration it seeks, the Court
(continued...)

court must decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)."[18]

For there to be a case or controversy, there must be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[19]  Here, there is clearly a case or controversy.  The parties disagree about the quality of Unocal's operations of the Trading Bay Properties.  The parties' interests are clearly adverse, and a decision will affect future operations of the Trading Bay Properties.  The controversy is of sufficient immediacy given the ongoing nature of operating the Trading Bay Properties.

Because there is a case or controversy, the Court now considers whether it should, in its discretion, exercise jurisdiction.  The factors to be considered are non-exclusive and state that, "(1)the district court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum

---

[17] (...continued)
only considers whether Forest may generally pursue equitable remedies.

[18] Id.

[19] Id. at 671 (quotation marks omitted).

shopping; and (3) it should avoid duplicative litigation."[20]  Other considerations this Court may consider include:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.[21]

Here, the factors weigh in favor of the Court retaining jurisdiction over the declaratory action claim without deciding the merits of the claim at this point.  First, the equitable relief sought does not involve any determination of state law issues. Second, there is no worry of forum shopping or duplicative litigation.  Third, this Court already has jurisdiction over the breach of contract claim and the claim for equitable relief relates to the breach of contract claim.  Thus, judicial administration concerns favor retaining jurisdiction. Finally, declaratory relief will clarify the legal relations between the parties.  Thus, there does not appear to be any persuasive reason to preclude the Court from addressing the claim for equitable relief.

---

[20] _Id._ at 672 (quotation marks and citation omitted).

[21] _Id._ (citation omitted).

**V.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

ENTERED this 24th day of April, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE