Jeffrey M. Feldman
Alaska Bar No. 7605029
Susan Orlansky
Alaska Bar No. 8106042
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
              orlansky@frozenlaw.com

*Attorneys for Plaintiff Forest Oil Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNION OIL COMPANY OF CALIFORNIA ) <br> d/b/a UNOCAL ALASKA, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 3:05-cv-00078-RRB <br><br> **OPPOSITION TO UNOCAL** <br> **MOTION TO RECONSIDER** |

Because genuine issues of material fact rightly preclude the Court from deciding

the "merits of the claim" on summary judgment, Forest Oil Corporation ("Forest")

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Unocal Motion to Reconsider
Page 1 of 5

opposes the Motion for Reconsideration of the Court's Order Denying Unocal's Motion for Summary Judgment (Docket No. 71).

In its Motion for Reconsideration, Union Oil Company of California ("Unocal") concedes the central point of this Court's Order, that the factors under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) weigh in favor of the Court retaining jurisdiction to declare the respective rights and obligations of Forest and Unocal under the various contracts that govern their relationship in the Trading Bay Properties. Unocal complains that the Order, by failing to decide the "merits of the claim" has left the issue in "procedural purgatory." (Motion for Reconsideration at 2). Moreover, Unocal insists that the Motion does not seek to re-argue its position that Forest, under any possible factual scenario, could never be entitled to equitable relief under its claim. (*Id.* at 3). Rather, Unocal proposes that "… the Court cannot have denied the motion without also dec iding the merits of the claim." (*Id.*). Forest does not share Unocal's existential angst.

The Order made clear that Forest's prayer for declaratory relief was proper in this case. (Order at 6). In the motion practice leading up to the Order, Unocal as much as conceded this point by focusing its challenge on Forest's entitlement to a remedy of equitable relief. In so doing, Unocal repeatedly mischaracterized Forest's equitable claim. Forest claims a right to "a declaratory judgment declaring Unocal's imprudent

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Unocal Motion to Reconsider
Page 2 of 5

operation of the Properties." (Complaint at 10). Anticipating success on that claim, Forest claimed that such a judgment would entitle Forest to appropriate injunctive relief, which may consist of anything ranging from an injunction requiring prudent operatorship in the future to removal of Unocal as operator of the Trading Bay Properties. (*Id*.) Unocal focuses only on what it characterizes as "the extraordinary and extra-contractual equitable relief sought by Forest – the ouster of Unocal and installation of Forest as operator." (Unocal Motion for Summary Judgment Re Equitable Relief at 12; Reply Re Motion for Summary Judgment Re Equitable Relief at 2; Motion for Reconsideration at 3), presumably because Unocal believes that of the myriad possible forms of available injunctive relief, removal of Unocal as operator would be the most difficult for Forest to justify. However, the claim of Unocal's imprudent operatorship is undisputedly a genuine issue of material fact not ripe for summary judgment determination, and whatever form of equitable relief may be most appropriate will depend on the evidence that will be presented in support this claim. This Court's Order properly retained jurisdiction over the declaratory action claim, without deciding the merits at this point as to what may constitute appropriate equitable relief.

      Unocal argued in its Summary Judgment Motion that equitable relief was barred in the present case under any facts because an adequate legal remedy exists for Forest and

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Unocal Motion to Reconsider
Page 3 of 5

Forest cannot show irreparable harm. (Summary Judgment Motion at 8-14). Forest established in its Opposition that, as to the adequacy of any remedy at law, no such remedy would be considered adequate if it sought to address a continuing or repeated wrong through "multiple, successive lawsuits," and that, moreover, under modern case law "the adequacy test has been evolving from a ru le to a factor." (Opposition at 12-13). As to irreparable harm, Forest reminded Unocal that this standard is one applicable to requests for *preliminary* injunctions, not *permanent* injunctions. (Opposition at 11-12). Unocal's response to this correction was to drop its irreparable harm argument, claiming that "Forest *specifically bargained* for a potential "succession of lawsuits" (Reply at 2, emphasis added) in acquiring its interests the Trading Bay Properties.

Neither Forest nor this Court should be resigned to a succession of lawsuits that appropriate equitable relief could prevent. Forest considers the question of whether, as a matter of law, Forest could never be entitled to equitable relief in the present case to be well-briefed. On the ultimate merits of the equitable claim of whether Unocal has acted imprudently in its operation of the Trading Bay Properties, there remain complex issues of fact that are not ripe for Summary Judgment at this time. Unocal's Motion for Summary Judgment Re Equitable Relief was properly denied by this Court and should not be reconsidered.

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Unocal Motion to Reconsider
Page 4 of 5

Dated:  May 5, 2006.          By:    s/ Jeffrey M. Feldman
                                      s/ Susan Orlansky

                                      FELDMAN ORLANSKY & SANDERS
                                      500 L Street, Suite 400
                                      Anchorage, AK  99501
                                      Phone: (907) 272-3538
                                      Fax:    (907) 274-0819
                                      Email:  feldman@frozenlaw.com
                                      Email:  orlansky@frozenlaw.com
                                      [Alaska Bar No. 7605029]
                                      [Alaska Bar No. 8106042]


Certificate of Service

I hereby certify that on May 5, 2006, a copy of the
foregoing Opposition to Unocal Motion to Reconsider
was served electronically on:

Marc D. Bond
Brewster H. Jamieson

s/ Jeffrey M. Feldman


*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Unocal Motion to Reconsider
Page 5 of 5