Jeffrey M. Feldman
Alaska Bar No. 7605029
Susan Orlansky
Alaska Bar No. 8106042
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
              orlansky@frozenlaw.com

*Attorneys for Plaintiff Forest Oil Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. A05-0078 CV (RRB) |
| ) | |
| UNION OIL COMPANY OF CALIFORNIA ) | |
| d/b/a UNOCAL ALASKA, ) | **OPPOSITION TO MOTION FOR** |
| ) | **PARTIAL SUMMARY JUDGMENT** |
| Defendant. ) | **JUDGMENT RE: PARAGRAPH 22,** |
| _____ ) | **TOOL RENTAL** |

Forest Oil Corporation ("Forest") hereby opposes the Motion for Partial Summary

Judgment Re: Paragraph 22, Tool Rental ("Motion"), Clerk's Docket No. 66, filed by

Union Oil Company of California ("Unocal"), seeking to dismiss the allegations in

paragraph 22 of the Complaint that cite wasteful and improper charges by Unocal for

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                    Page 1 of 6

rental of Unocal-owned equipment as an "example of Unocal's imprudent operatorship." As explained below, summary judgment dismissal is inappropriate for a mere example of conduct alleged in support of a broad claim of imprudent operatorship of the Trading Bay Unit by Unocal.  Moreover, even if paragraph 22 of the Complaint alleged an independent claim, summary judgment must be denied as Unocal has failed to demonstrate that it is entitled to judgment as a matter of law and the Motion itself demonstrates a genuine dispute as to material fact whether Unocal's charges to the Trading Bay Unit for renting its own equipment were wasteful and improper.

## STANDARD OF REVIEW

Summary Judgment is warranted only where there is no genuine dispute as to material facts <u>and</u> the moving party is entitled to judgment as a matter of law.[1]  The burden is on the moving party to show that there is no genuine dispute as to material fact.[2]  All justifiable inferences must be drawn in favor of the non-movant.[3]

## ARGUMENT

I.    PARAGRAPH 22 DOES NOT STATE A CLAIM UPON WHICH EITHER
      PARTY COULD BE ENTITLED TO JUDGMENT.

The improper "tool rental" charges alleged in paragraph 22 are merely one example of "imprudent operations" by Unocal – a course of conduct that forms the basis

---

[1]  Federal Rule of Civil Procedure 56.

[2]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                          Page 2 of 6

of the causes of action in Forest's Complaint.  Paragraph 22 is but one of 14 paragraphs in the Complaint that comprise Forest's "Claim I" for "Breach of Contract – Imprudent Operations."  This paragraph is also incorporated into the other three claims in the Complaint and is an example of Unocal's conduct comprising Forest's "Claim II" for "Equitable Relief – Imprudent Operations," and "Claim IV" for "Breach of Contract – Audit Exceptions."  In the instant Motion, Unocal does not seek summary judgment determination of any of Forest's four causes of action.[4]  Paragraph 22 is not an independent claim subject to judgment – summary or otherwise.  Accordingly, Unocal's motion must fail because, as a matter of law, Unocal cannot be entitled to judgment on a non-claim.

II.    EVEN IF PARAGRAPH 22 ALLEGED AN INDEPENDENT CLAIM, UNOCAL'S ARGUMENTS FOR SUMMARY JUDGMENT HAVE NO MERIT.

Unocal's Motion essentially argues reasons why Unocal is entitled to a summary judgment determination "as a matter of law" that "no action of Unocal regarding the 2002 charge for tool rental either breached the Operating Agreements or violated the contractual standard of care …."[5]  Unocal's arguments are without merit.

---

[4]  Unocal's earlier Motion for Summary Judgment seeking dismissal of Forest's claim for equitable relief (Claim II of the Complaint) was previously denied by this Court. *See* Clerk's Docket No. 71.

[5]  Motion at 25.

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                                            Page 3 of 6

First, the Motion focuses on the 2002 charges for Unocal-owned equipment, which is merely a specific example cited within paragraph 22's broad example of Unocal's imprudent operations by over-charging for rental of its own equipment. The improper tool rental charges alleged in paragraph 22 are not limited to 2002, and Unocal's Motion does not address the general allegation beyond the example of the 2002 Audit Exception.

Similarly, there is no merit to Unocal's argument that the gross amount alleged as overcharged for tool rental is *de minimis*.[6] Unocal calculates the *de minimis* amount from Forest's 2002 Audit Exception No. 06, which lists a "sample" of five "questionable items" found on one well "for the month of January 2002, applicable to this tool rental procedure …"[7] The 2002 Audit Exception itself is for an amount yet to be determined (TDB),[8] and the five "questionable items" found on one well for one month were obviously cited as an example and not intended to define the aggregate overcharged tool rental amount for the year. Nor can these five "questionable items," cited only as an example in the 2002 Audit Exception and not even mentioned in the Complaint, define the universe of wasteful and improper tool rental overcharging that Forest intends to present at trial in support of its claims of Unocal's imprudent operations.

---

[6] *Id.* at 23-25.

[7] *Id.* at 7-10 and Exhibit E-1

[8] Exhibit E-1 at 2.

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                                    Page 4 of 6

Finally, and most critically, Unocal's Motion relies on the mistaken view that the contractual standard of care is not "imprudence," but "gross negligence or willful misconduct" as set out in the Operating Agreements' exculpatory clauses.[9]    Unocal argues that the alleged improper tool rental charges cannot meet this high standard.  But this Court has already rejected Unocal's broad reading of the exculpatory clause, and agreed with the holding and reasoning of the Tenth Circuit that:

> the exculpatory clause has no application to claims that an operator has failed to abide by specific and express contractual duties assigned in the [operating agreement]. … While a higher standard for breach might apply to drilling, extraction, and other risky "operations" because most operators have the same incentive as non-operators to do well in physical operations, it is nonsensical to apply such a standard to administrative and accounting duties where the operator can profit by cheating, or simply overcharging, its working interest owners.[10]

Forest's allegation of wasteful and improper charges for Unocal-owned equipment is an administrative and accounting duty to which this Court has held that the prudent operation standard applies.  It remains a genuine dispute as to material fact whether Unocal's tool rental charges were consistent with Unocal's contractual obligation to operate the Trading Bay Unit prudently.

---

[9]  *Id.* at 12-15, 17, 20-23, 25.

[10]  Order Denying Defendant's Motion for Partial Summary Judgment and Granting Plaintiff's Cross-Motion, Clerk's Docket No. 70, at 10 (quoting *Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1170-71 (10th Cir. 2005).

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                                    Page 5 of 6

## CONCLUSION

Unocal's Motion does not, and cannot, claim that there is no genuine dispute as to material fact concerning Unocal's charges to the Unit for rental of its own equipment. Because Unocal has not demonstrated that it is entitled to summary judgment as a matter of law on this mere example of its imprudent operatorship, the Motion must be denied.

Dated:  May 31, 2006.                By:    s/ Jeffrey M. Feldman
                                                      s/ Susan Orlansky

                                             FELDMAN ORLANSKY & SANDERS
                                             500 L Street, Suite 400
                                             Anchorage, AK  99501
                                             Phone: (907) 272-3538
                                             Fax:    (907) 274-0819
                                             Email:  feldman@frozenlaw.com
                                             Email:  orlansky@frozenlaw.com
                                             [Alaska Bar No. 7605029]
                                             [Alaska Bar No. 8106042]

Certificate of Service

I hereby certify that on May 31, 2006, a copy of the foregoing Opposition to Motion for Partial Summary Judgment Re: Paragraph 22, Tool Rental was served electronically on:

Marc D. Bond
Brewster H. Jamieson

s/ Jeffrey M. Feldman

Opposition to Motion for Partial Summary Judgment
Re:  Paragraph 22, Tool Rental
*Forest Oil Corporation v. Union Oil Company of California*
Case No. A05-0078 CV (RRB)                                    Page 6 of 6