IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>          Plaintiff,<br><br>vs.<br><br>UNION OIL COMPANY OF CALIFORNIA, d/b/a UNOCAL ALASKA,<br><br>          Defendant. | Case No. A05-0078 CV (RRB)<br><br>**ORDER RE MOTIONS AT**<br>**DOCKETS 22 AND 66** |

At Docket 22, UNOCAL has moved for partial summary judgment re: paragraph 21, and at Docket 66, UNOCAL has moved for partial summary judgment re: paragraph 22. Forest Oil has opposed both motions.

Although UNOCAL attempts to characterize the aforesaid motions as motions for partial summary judgment under FED. R. CIV. P. 56(c), they are not. Summary judgment addresses a claim, counterclaim, or cross-claim. *See* FED R. CIV. P. 56(a) (motion brought by the party seeking to recover on a claim) and (b) (motion brought by the party defending against the claim). Rule 56(c)

permits the entry of summary judgment on the issue of liability alone. The motions at bar do not seek relief under either Rule 56(b) or (c). The relief sought in these motions is an adjudication of a particular fact, which, in the context of Rule 56, is addressed by Rule 56(d). However, Rule 56(d) permits the Court to find particular facts uncontroverted in connection with a motion brought under Rule 56 where "judgment is not rendered upon whole case or for all the relief asked." The procedure in subdivision (d) is designed to be ancillary to a motion for summary judgment; it does not authorize the entry of judgment on part of a claim or the granting of partial relief. *See generally* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FED. PRAC. & PROC. CIV. § 2737 (3d ed.). In short, Rule 56(d) neither creates nor authorizes a stand-alone motion.

Neither the motion at Docket 22 nor the motion at Docket 66 seek relief addressed to either the whole case or even a single claim. As Forest Oil points out in its oppositions to the motions, UNOCAL does not seek to adjudicate an entire claim—in fact, it does not even encompass the entire allegations of the paragraph. Moreover, granting either motion would not necessarily save time and expense or simply trial. Even if it were an authorized procedure, the Court is not inclined to adjudicate this case piecemeal, paragraph by paragraph.

Defendant's Motion for Partial Summary Judgment re: Paragraph 21 at Docket 22 and the Motion for Partial Summary Judgment re: Paragraph 22 at Docket 66 are **DENIED.**

ENTERED this 7th day of July, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE