Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA No. 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile:  907-276-2631
Email:      jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA<br>d/b/a UNOCAL ALASKA,<br><br>                              Defendant. | Case No. 3:05-cv-00078-RRB<br><br>**ALTERNATIVE MOTION FOR<br>CERTIFICATION OF INTERLOCUTORY<br>APPEAL PURSUANT TO 28 U.S.C. § 1292(B)<br>OF THE ORDER AT DOCKET NO. 90** |

Defendant Union Oil Company of California ("Union Oil") has moved contemporaneously for reconsideration of the Court's Order at Docket 90 ("Order Denying Defendant's Motion for Partial Summary Judgment at Docket No. 23, and Granting Plaintiff's Motion for Partial Summary Judgment at Docket No. 39") (the "Order"). Should the Court deny the motion for reconsideration—or it reaffirms its initial decision on reconsideration—in the alternative Union Oil hereby moves the Court pursuant to 28 U.S.C. § 1292(b) to certify the Order for interlocutory appeal so that the essential issue of the interpretation of Article 7 of the Alignment Agreement may be resolved by the Ninth Circuit prior to trial.

Section 1292(b) authorizes an interlocutory appeal of an order of a District Court (subject to discretionary acceptance of the appeal by the Court of Appeals) if the District Court makes the following findings in writing: (1) that the order to be appealed "involves a controlling question of law," (2) that there is a "substantial ground for difference of opinion" on the question, and (3) that

"immediate appeal ... may materially advance the ultimate termination of the litigation." *See generally In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). If the court's original order does not certify the order for interlocutory appeal, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3).

The standards for a § 1292(b) certification are satisfied in this case as follows:

**The Order involves a controlling question of law.** As noted in the Order, the interpretation of Article 7 of the Alignment Agreement is a question of law. Order, p. 8. There is a "controlling question of law" where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. *And see,* 16 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3930 p. 423 (2d ed. 1996) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment...."). That is certainly the case here. Based on the Order, Forest Oil's audit dispute claims which pre-date the 2002 Alignment Agreement will go to trial. A reversal of the Order on appeal would establish that Forest Oil waived its claims prior to the Alignment Agreement. This reversal would materially affect the outcome of the trial because it would, by necessity, result in the reversal of any judgment for damages arising prior to the Alignment Agreement.

Further, "a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Id.* at p. 426. That again is the case here. It is essential that the Court understand that Forest Oil has *173 pre-Alignment Agreement audit claims, and that each of these 173 audit claims is unique*. Some of these audit claims involve only a few thousand dollars, but some involve hundreds of thousands of dollars, and some have several million dollars at stake. Each of these audit claims has its own unique set of facts, operations, locations, departments, personnel, etc. Further, each of these audit claims will be a mini-trial in itself (and that is 173 mini-trials in all), as each will require its own unique discovery, evidence, witnesses, experts, and factual determination by the Court. Trial of the pre-Alignment Agreement audit claims will thus require a huge amount of this Court's time, as well as substantial time and expense by the parties. However, application of Article 7 in the Alignment Agreement to these audit claims would completely resolve them. Resolution of the

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(B) of the Order at Docket No. 90**
*Forest Oil Corporation v. Unocal Alaska* (Case No. 3:05-cv-00078-RRB)                 Page 2 of 4

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Alignment Agreement/waiver issue by the Ninth Circuit could thus save the parties and the Court the very considerable time and expense of addressing these 173 audit claims at trial.

**There is a substantial ground for difference of opinion.** This is demonstrated by the briefing on the Alignment Agreement/waiver issue. Union Oil believes that it is entitled to judgment as a matter of law that Article 7 operates as a waiver and release of <u>all</u> of Forest's pre-2002 claims. Forest Oil argues completely to the contrary. Further, Union Oil asserts that no case or other authority, or the evidence (both in the contractual language and extrinsic evidence, as briefed in the motion for reconsideration) supports the Order. The Court has imposed its own interpretation of the defined term "Cost" which does not appear any where in the Alignment Agreement or Operating Agreements. Moreover, the Court has also adopted an interpretation of "participation" which is not supported by the evidence and again does not does not appear any where in the Alignment Agreement or Operating Agreements. The Court's subjective interpretation of the language of Article 7 is thus open to a substantial difference of opinion.

**An immediate interlocutory appeal would materially advance the ultimate termination of the litigation.** The Ninth Circuit has specifically observed that an interlocutory appeal is appropriate when it "would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026, which is precisely the case in this instance. Wright, Miller & Cooper state, *supra* at p. 432:

> The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. As just seen, questions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial.

For the same reasons as were discussed above regarding the "controlling question" factor, the "materially advance" factor is satisfied in this case. Trial on the 173 pre-Alignment Agreement would be the very definition of "protracted and expensive litigation." After trial, a reversal on appeal of the Order would mean that a very substantial amount of the Court's and the parties' time and resources would have been wasted. Before the Court commits to the considerable length of time it will take to try the pre-Alignment Agreement claims, in the interests of judicial economy and the resources of the parties, the Court should certify the Alignment Agreement/waiver issue to the Ninth

**Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(B) of the Order at Docket No. 90**
*Forest Oil Corporation v. Unocal Alaska* **(Case No. 3:05-cv-00078-RRB)**   **Page 3 of 4**

Circuit so that it may be resolved now whether the 173 pre-Alignment Agreement audit claims need to be tried.

## CONCLUSION

For the forgoing reasons, if the Court declines to reconsider its Order, or reaffirms its initial decision on the Order, the Court is respectfully requested to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

DATED this 14th day of July, 2006.

>LANE POWELL LLC
>Attorneys for Defendant
>
>By  s/ Brewster H. Jamieson
>  Brewster H. Jamieson, ASBA No. 8411122
>  301 West Northern Lights Boulevard, Suite 301
>  Anchorage, Alaska  99503-2648
>  Tel:   907-277-9511
>  Fax:   907-276-2631
>  Email: jamiesonb@lanepowell.com

I certify that on July 14, 2006, a copy of the foregoing was served by ECF on:

Jeffrey M. Feldman, feldman@frozenlaw.com

  s/ Brewster H. Jamieson
017351.0040/155882.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(B) of the Order at Docket No. 90**
*Forest Oil Corporation v. Unocal Alaska* (Case No. 3:05-cv-00078-RRB)   **Page 4 of 4**