Jeffrey M. Feldman
Alaska Bar No. 7605029
Susan Orlansky
Alaska Bar No. 8106042
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:        feldman@frozenlaw.com
              orlansky@frozenlaw.com

*Attorneys for Plaintiff Forest Oil Corporation*


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-00078-RRB |
| ) | |
| UNION OIL COMPANY OF CALIFORNIA ) | |
| d/b/a UNOCAL ALASKA, ) | **OPPOSITION TO MOTION** |
| ) | **FOR RECONSIDERATION OF** |
| Defendant. ) | **ORDER AT DOCKET NO. 90** |
| _____ ) | |

Forest Oil Corporation ("Forest") opposes the Motion for Reconsideration of

Order at Docket No. 90 filed by Union Oil Company of California ("Unocal"). In that

Order, this Court denied Unocal's Motion for Partial Summary Judgment and granted

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Motion for Reconsideration of Order at Docket No. 90
Page 1 of 5

Forest's Motion for Partial Summary Judgment, finding that "as a matter of law, Article 7 of the Alignment Agreement Trading Bay Field/Trading Bay Unit released only those claims arising out of or associated with the <u>allocation</u> of the costs incurred in connection with and revenue derived from the Trading Bay Properties."[1]   Unocal moves for reconsideration, arguing that the Court overlooked "two essential items of evidence: (1) the express contractual definition of "Costs" …; and the Declaration of Kenneth W. Griffin …."[2]   But these "items" were not overlooked by the Court, as both were extensively argued by Unocal in its briefing on the cross-motions.[3]   And neither of them undermines the Court's finding that Article 7 cannot be construed to encompass Forest's allegations in its complaint.[4]   Unocal's attempt to reargue the cross-motions provides no basis for reconsideration.

This Court correctly interpreted the Alignment Agreement, as a matter of law, by looking "to the written contract as well as extrinsic evidence regarding the parties' intent

---

[1]   Order Denying Defendant's Motion for Partial Summary Judgment at Docket No. 23 and Granting Plaintiff's Motion for Partial Summary Judgment at Docket No. 39 ("Order"), at p. 12 (emphasis added).

[2]   Motion for Reconsideration of Order at Docket No. 90, at p. 1.

[3]   *See, e.g.*, Reply Re Motion for Partial Summary Judgment Re: Waiver/Accord and Satisfaction and Opposition to Forest's Cross-Motion for Partial Summary Judgment on Construction of the Alignment Agreement ("Unocal's Reply"), at pp. 6-12.

[4]   Order, at p. 2.

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Motion for Reconsideration of Order at Docket No. 90
Page 2 of 5

at the time the contract was made."[5]  As the Agreement states and the Court found, the objective sought by the Alignment Agreement was to "align" the parties' respective Working Interests relative to Production and Costs in the Trading Bay Field and Trading Bay Unit (excluding the Grayling Gas Sands), "so as to create an area of common lease interests."[6]  Commencing on the Agreement's effective date of January 1, 2002, the parties' "Cost Participation" in all Trading Bay operations was to be allocated "in the percentage of each Party's Relative Interests."[7]  Consistent with this purpose of the Agreement, Article 7 waives any "Cost participation claims" arising from Trading Bay operations pre-dating the Agreement.[8]

     Nothing in the Agreement itself, or in the extrinsic evidence regarding the parties' intent at the time the Agreement was made, supports Unocal's argument that an express purpose of the Alignment Agreement was to resolve audit claim disputes – apart from disputes over "allocation of costs" between the parties.  Indeed, after the effective date of the Alignment Agreement, Unocal has continued to participate in the audit process for years prior to 2002, accepting and responding to Forest's audit exceptions without

---

[5]  *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1004 (Alaska 2004).

[6]  Order, at p. 10.

[7]  Order, at p. 11 (quoting Article 5 of the Alignment Agreement).

[8]  Order, at p. 5 (quoting Article 7 of the Alignment Agreement).

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Motion for Reconsideration of Order at Docket No. 90
Page 3 of 5

asserting that such claims were waived in the Agreement.[9]   The subsequent conduct of the parties supports the Court's interpretation of Section 7 of the Alignment Agreement.[10]

The definition of "Costs" in the Trading Bay agreements and the Declaration of Kenneth Griffin are not in conflict with the Court's interpretation of the Alignment Agreement.  Even if "Costs" include "all other expenses that are herein chargeable as Costs, determined in accordance with [the COPAS Procedures]",[11] the waiver of "Cost participation claims against each other" in Section 7 of the Alignment Agreement still only applies to claims related to <u>allocation</u> of those Costs.  As the Court explained in its ruling, any and all claims predicated on the "allocation of the expenses between the parties during the years preceding 2002" have been waived by Section 7.[12]   Kenneth Griffin's Declaration gives the same definition of "Costs" and adds that he does "not recall the specific intent of either Unocal or Forest to exclude audits from the scope of Article 7 of the Alignment Agreement."[13]  Even if this statement of subjective intent had probative value, it is far from an affirmation that the parties specifically intended to

---

[9]  *See* Declaration of Mitchell Fishbach and Exhibits A-F, attached to Forest's Opposition to Unocal's Motion for Partial Summary Judgment Re: Waiver/Accord and Satisfaction.

[10]  *See Norville*, 84 P.3d at 1004.

[11]  Motion for Reconsideration of Order at Docket No. 90, at pp. 2-3.

[12]  Order, at pp. 12-13.

[13]  Declaration of Kenneth W. Griffin, at p. 3, attached to Unocal's Reply.

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Motion for Reconsideration of Order at Docket No. 90
Page 4 of 5

waive any and all audit claims.  Nor is the statement inconsistent with the Court's interpretation of Section 7 that cost allocation claims, including such audit claims, have been waived by the Alignment Agreement, which aligned the parties' respective relative interests in the pools (WIPAs) in the Trading Bay Unit.

The parties' cross-motions for partial summary judgment interpreting the Alignment Agreement were correctly decided by this Court.  Unocal's Motion for Reconsideration of Order at Docket No. 90 should be denied.

Dated:  July 26, 2006.          By:    s/ Jeffrey M. Feldman
                                        s/ Susan Orlansky

                                        FELDMAN ORLANSKY & SANDERS
                                        500 L Street, Suite 400
                                        Anchorage, AK  99501
                                        Phone: (907) 272-3538
                                        Fax:    (907) 274-0819
                                        Email:  feldman@frozenlaw.com
                                        Email:  orlansky@frozenlaw.com
                                        [Alaska Bar No. 7605029]
                                        [Alaska Bar No. 8106042]

Certificate of Service

I hereby certify that on July 26, 2006, a copy of the
foregoing Opposition to Unocal Motion to Reconsider
was served electronically on:

Marc D. Bond
Brewster H. Jamieson

s/ Jeffrey M. Feldman

*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Opposition to Motion for Reconsideration of Order at Docket No. 90
Page 5 of 5