IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNION OIL COMPANY OF<br>CALIFORNIA d/b/a UNOCAL<br>ALASKA,<br><br>                    Defendant. | Case No. 3:05-cv-00078-RRB<br><br>**ORDER DENYING DEFENDANT'S**<br>**MOTION FOR RECONSIDERATION**<br>**AT DOCKET NO. 91** |

**I.  INTRODUCTION**.

At Docket No. 91 Defendant Union Oil Company of California ("Unocal") has moved for reconsideration of the Order Denying Defendant's Motion for Partial Summary Judgment at Docket No. 23 and Granting Plaintiff's Motion for Partial Summary Judgment at Docket No. 39.[1] At Docket No. 94 Plaintiff Forest Oil Co. ("Forest") has filed its opposition.

**II.  STANDARD OF REVIEW**.

As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[2]  That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[3]

---

[1] Docket No. 90.

[2] *City of Los Angeles, Harbor Division v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001)

[3] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *see also School District No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("[r]econsideration [of grant of summary judgment] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

**III. DISCUSSION**.

The first two grounds for reconsideration, intervening change of law or newly discovered evidence, are not at issue in the motion at bar.  Unocal argues that the Court erred "by finding that the term 'Cost' as used in Article 7 is limited and narrowed by the undefined term 'participation claims.'"  Unocal misreads the decision of the Court.  The Court agrees that the definition or meaning of the term "Cost" in the Alignment Agreement is as provided in the Trading Bay Field Joint Operating Agreement or the Trading Bay Unit Operating Agreement.  But that is not the question the Court was required to answer.  The Court was not defining the word "Cost"; it was determining the intent of the parties in the Alignment Agreement.

What Unocal would have this Court do is determine the intent of an agreement focusing on the meaning of a single word.  This is manifestly incorrect as a matter of law.  A contract is read as a whole.[4]  Article 7, upon which Unocal rests its arguments, states in relevant part "Forest and Unocal hereby waive, release and dismiss any Production, revenue, and Cost participation claims."  The word "participation," as do the words "Production, revenue, and Cost," modifies, limits or defines the extent of the claims released.  To reach the conclusion sought by Unocal would require the Court to treat the word "participation" as mere surplusage and read it right out of that sentence, which would be improper.[5]  Unocal's construction would have that sentence read "Forest and Unocal hereby waive, release and dismiss any Production, revenue, and Cost claims."  This would not only be contrary to the over all purpose of the Alignment Agreement (to adjust the allocation between the parties) but also would result in a rewriting of the express language of the Alignment Agreement.  The Court can no more do this than it can read out of that sentence the words "Production, revenue, and Cost," or any of them.

---

[4] *Monzingo v. Alaska Air Group, Inc.*, 112 P.2d 655, 660 (Alaska 2005) ("[c]ourts look to contracts as a whole"); *Matanuska Elec. Ass'n, Inc. v. Chugach Elec. Ass'n, Inc.*, 99 P.3d 553, 562 (Alaska 2004) ("[i]n reaching a reasonable interpretation of a contract, we attempt to give effect to all of its terms"); RESTATEMENT (SECOND) CONTRACTS, § 202, cmt. d. ("[w]here the whole can be read to give significance to each part, that reading is preferred")

[5] *See Jarvis v. Ensminger*, 134 P.3d 353, 360 (Alaska 2006); RESTATEMENT (SECOND) CONTRACTS, § 203(a) ("an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect"); *see Id*, cmt a. ("[s]ince an agreement is interpreted as a whole, it is assumed in the first instance that no part of it is superfluous").

Although it was not mentioned in the Order, the Court did not overlook the Declaration of Kenneth W. Griffin.  All Mr. Griffin does is state his understanding that the term "Cost" has the same meaning in the Alignment Agreement as in the Trading Bay Agreements (a point not at issue) and that he did not "recall the specific intent of either Union Oil or Forest to exclude audits from the scope of Article 7 of the Alignment Agreement."  The fact that Mr. Griffin can not recall something is not probative of anything except his lack of recollection.  This is particularly true in light of the fact that what the Court was called upon to interpret was the scope of the claims encompassed by Article 7.  These are defined by FOUR words—Production, revenue, Cost, and participation—all of which must be given appropriate effect.

Unocal also would have the Court ignore Article V of the Alignment Agreement entitled "Cost Participation."  That Article speaks in terms of the costs "allocated between the Parties in the percentage of each Party's Relative Interests."  While the Alignment Agreement did not alter the definition or meaning of "Costs," reading the Alignment Agreement as a whole, as the Court must do, the claims released by Article 7 are the "Cost participation" claims, which are within the context of the Alignment Agreement necessarily limited to the allocation of costs.

**IV.  CONCLUSION/ORDER**.

For the foregoing reasons, Defendant's Motion for Reconsideration of Order at Docket No. 90 at Clerk's Docket No. 91 is **DENIED**.

Entered this 28th day of July, 2006.

/S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE