Jeffrey M. Feldman
Alaska Bar No. 7605029
Susan Orlansky
Alaska Bar No. 8106042
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:       feldman@frozenlaw.com
             orlansky@frozenlaw.com

*Attorneys for Plaintiff Forest Oil Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION, ) | |
| ) | Case No. 3:05-cv-00078-RRB |
| Plaintiff, ) | |
| ) | **OPPOSITION TO** |
| v.  ) | **ALTERNATIVE MOTION FOR** |
| ) | **CERTIFICATION OF** |
| UNION OIL COMPANY OF CALIFORNIA ) | **INTERLOCUTORY APPEAL** |
| d/b/a UNOCAL ALASKA, ) | **PURSUANT TO 28 U.S.C. § 1292** |
| ) | **(B) OF THE ORDER AT DOCKET** |
| Defendant. ) | **NO. 90** |
| _____ ) | |

Forest Oil Corporation ("Forest") opposes Union Oil Company of California's ("Unocal") Alternative Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90. At Docket 90 this Court denied

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 1 of 8

Unocal's Motion for Partial Summary Judgment and granted Forest's Motion for Partial Summary Judgment, finding that, "as a matter of law, Article 7 of the Alignment Agreement Trading Bay Field/Trading Bay Unit released only those claims arising out of or associated with the <u>allocation of costs</u> incurred in connection with and revenue derived from the Trading Bay Properties."[1] At Docket 95 this Court denied Unocal's Motion for Reconsideration at Docket No. 91, finding, inter alia, that "[w]hile the Alignment Agreement did not alter the definition or meaning of "Costs," reading the Alignment Agreement as a whole, as the Court must do, the claims released by Article 7 are the "Cost participation" claims, which within the context of the Alignment Agreement are necessarily limited to the <u>allocation of costs</u>."[2] Unocal now requests that this Court certify an interlocutory appeal on this issue pursuant to 28 U.S.C. § 1292(b).[3] To certify an interlocutory appeal under Section 1292(b), a district court judge must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[1] Order Denying Defendant's Motion for Partial Summary Judgment at Docket No. 23 and Granting Plaintiff's Motion for Partial Summary Judgment at Docket No. 39, at p. 12 (emphasis added).

[2] Order Denying Defendant's Motion for Reconsideration at Docket No. 91, at p. 3 (emphasis added).

[3] Alternative Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90 ("Alternative Motion"), at p. 1.

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 2 of 8

may materially advance the ultimate termination of the litigation . . . ."[4] Such a certification in this case would be an unnecessary and inappropriate application of Section 1292(b).

**The Order does not involve a controlling question of law.** Unocal relies on the court's definition of "controlling question of law" in *In re Cement Antitrust Litigation*.[5] However, that case does not discuss issues of contract interpretation, and provides only a very general definition of "controlling question of law." A question of contract interpretation typically is not a "controlling question of law" that could serve as a basis for interlocutory appeal.[6] In *Aristocrat Leisure Limited v. Deutsche Bank Trust Company Americas*, the district court denied interlocutory appeal on an issue of contract interpretation.[7] The issue in *Aristocrat* was whether the contract term "call" should be interpreted using the noun definition or the verb definition of the word.[8] The plaintiff in that case argued that the proper definition of the term "call" was the noun definition but

---

[4] 28 U.S.C. § 1292(b) (2003).

[5] Alternative Motion, at p. 2 (citing 673 F.2d 1020, 1026 (9th Cir. 1982)).

[6] *Aristocrat Leisure Limited v. Deutsche Bank Trust Company Americas*, 426 F.Supp.2d 125, 128 (S.D.N.Y. 2005).

[7] *Id.* at 130.

[8] *Id.* at 128.

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 3 of 8

the court held that the verb definition of "call" was more appropriate.[9] The plaintiff subsequently requested a certification for interlocutory appeal on the issue.[10] The district court stated that, although the meaning of "call" was of central importance to the litigation, Section 1292(b) required that the meaning of "call" also be a "controlling question of law."[11] The court held that while the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a "controlling question of law."[12]

Here, Unocal argues that interpretation of Article 7 of the Alignment Agreement, specifically the definition of the term "Cost," is a controlling question of law. Even if the meaning of "Cost" were disputed and of central importance to this litigation, the issue is one of contract interpretation and not appropriate for interlocutory appeal. Further, partial summary judgment rulings usually are not controlling questions of law appropriate for interlocutory appeal.[13]

---

[9] *Id.*

[10] *Id.* at 127.

[11] *Id.* at 128.

[12] *Id.*

[13] *See Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) (stating that interlocutory appeal of summary judgment rulings are inappropriate because it "requires hunting through the record compiled in the summary

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 4 of 8

**<u>There is no substantial ground for difference of opinion.</u>**  Unocal argues that this Court has "imposed its own interpretation of the defined term "Cost" which does not appear any where [sic] in the Alignment Agreement or Operating Agreements."[14]  But the order Unocal seeks to appeal did not define the word "Cost"; it determined the intent of the parties in the Alignment Agreement by reading the contract as a whole.[15]  The meaning of the word "Cost," in the abstract, was not the issue before the Court. Moreover, in order to satisfy the prerequisite of substantial grounds for a difference of opinion, there must be a claim of "substantial doubt" that the district court's interpretation was correct, not merely that the district court's interpretation differs from that of the party moving for interlocutory appeal.[16]

---

judgment proceeding to see whether there may be a genuine issue of material fact lurking there"); *see also Brown v. City of Oneonta*, 858 F.Supp. 340, 349 (D.C.N.Y. 1994) (stating that where the "controlling question of law" is clearly whether [the] court properly granted summary judgment, interlocutory appeal is inappropriate because the determination, although a legal issue, is essentially fact based in nature); *see generally* 16 Charles A Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 pp. 427-428 (2d ed. 1996).

[14]  Alternative Motion, at p. 3.

[15]  Order Denying Defendant's Motion for Reconsideration at Docket No. 91, at p. 2.

[16]  A court's interpretation of the meaning of a contract almost always differs from that of at least one of the parties.  *See Aristocrat Leisure Limited*, 426 F.Supp.2d at 128-129 (stating that a "mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion").

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 5 of 8

**An immediate interlocutory appeal would not materially advance the ultimate termination of the litigation.** Even if this Court were to certify Unocal's interlocutory appeal and Unocal were to succeed on appeal before the Ninth Circuit, interpretation of Article 7 is only one of many issues to be decided in this case. Although Section 1292(b) was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals.[17] Unocal claims that an immediate review of this issue will avoid "protracted and expensive litigation."[18] But there are a multitude of additional claims for this Court to decide that will not be affected by immediate review of this issue. In fact, appellate review of this one issue will not noticeably advance the ultimate termination of the litigation and there is no assurance that the trial process will not again be interrupted by a later request for an interlocutory appeal of a different issue. Unocal's claim that an instant appeal will advance the litigation is no different than that of any party whose position on an issue is rejected by the court in a preliminary ruling that does not dispose of the entire case.

---

[17]  *Id.* at 127.

[18]  Alternative Motion, at p. 3.

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 6 of 8

**General policy discourages granting interlocutory appeals for all but the most exceptional cases.**  The granting of a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is discretionary; the procedure set forth in Section 1292(b) should be applied sparingly and only used in exceptional cases.[19]  Both the United States Supreme Court and the Ninth Circuit have indicated that interlocutory appeals should be restricted to "rare circumstances," because it is a "departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."[20]  Unocal has not shown that this case fulfills the requirements for interlocutory appeal pursuant to Section 1292(b); therefore, it can hardly claim that the case is either "exceptional" or involves "rare circumstances" that might warrant an immediate appeal.

For the foregoing reasons, Unocal's Alternative Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90 should be denied.

---

[19]  *Ratner v. Chemical Bank New York Trust Company*, 309 F.Supp. 983, 989 (S.D.N.Y. 1970).

[20]  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (stating that "routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule").

Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 7 of 8

Dated:  August 10, 2006.          By:   s/ Jeffrey M. Feldman
                                        s/ Susan Orlansky

                                  FELDMAN ORLANSKY & SANDERS
                                  500 L Street, Suite 400
                                  Anchorage, AK  99501
                                  Phone: (907) 272-3538
                                  Fax:    (907) 274-0819
                                  Email:  feldman@frozenlaw.com
                                  Email:  orlansky@frozenlaw.com
                                  [Alaska Bar No. 7605029]
                                  [Alaska Bar No. 8106042]


Certificate of Service

I hereby certify that on August 10, 2006, a copy of the
foregoing Opposition to Alternative Motion for Certification
of Interlocutory Appeal Pursuant to § 1292(b) of the Order
at Docket No. 90 was served electronically on:

Marc D. Bond
Brewster H. Jamieson

s/ Jeffrey M. Feldman


Opposition to alternative Motion for Certification of Interlocutory Appeal
*Forest Oil Corporation v. Union Oil Company of California*
Case No. 3:05-cv-00078 -RRB
Page 8 of 8