Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile:  907-276-2631
Email:      jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA<br>d/b/a UNOCAL ALASKA,<br><br>                              Defendant. | Case No. 3:05-cv-00078-RRB<br><br>**REPLY RE:**<br>**ALTERNATIVE MOTION FOR**<br>**CERTIFICATION OF INTERLOCUTORY**<br>**APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**<br>**OF THE ORDER AT DOCKET NO. 90** |

Defendant Union Oil Company of California ("Union Oil") hereby replies to its alternative motion for certification of appeal.

Forest Oil does not contest that the applicable test to certify an appeal under 28 U.S.C. § 1292(b) is that set out in Union Oil's motion[1], but argues that the factors of that test are not met in this instance.  For the reasons stated below, Forest Oil's arguments should be rejected.  Because the Court has declined to reconsider its Order at Docket No. 90, the alternative motion to certify the Order at Docket No. 90 for appeal should be granted.

### 1.    The Order involves a controlling question of law.

Forest Oil cites to cases which state that issues of contract interpretation "typically" are not considered "controlling questions of law" under § 1292(b).  However, even in the cases cited by Forest Oil, there was no absolute rule that a matter involving contract interpretation could never be the subject of a § 1292(b) appeal.  Moreover, Forest Oil cites to no case from the Ninth Circuit

---

[1] *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

questioning whether an order on a motion for summary judgment regarding the terms of a contract is inappropriate for a § 1292(b) appeal. Indeed, the Ninth Circuit has shown by its actions that a contract claim which is the subject of a summary judgment order may indeed be appropriate for certification under § 1292(b). In *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991), an order granting summary judgment on a breach of contract claim was certified for appeal by the district court under § 1292(b), and the Ninth Circuit granted permission for the appeal. 937 F.2d at 474 n. 6.

Most importantly, however, the U.S. Supreme Court has expressed its clear view that appeal under § 1292(b) is appropriate for contract interpretation claims. In *Digital Equipment Corporation v. Desktop Direct, Inc.*, 511 U.S. 863 (1994), the Supreme Court held that 28 U.S.C. § 1291 could not be used to appeal an order of the district court refusing to enforce a settlement agreement claimed to shelter a party from suit. While the Supreme Court was of the opinion that denying the effect of asserted contract rights in the settlement agreement was not within the scope of immediately appealable decisions under § 1291 (*see* 511 U.S. at 884), the Supreme Court compared the operation of § 1291 with § 1292(b), and stated that § 1292(b) was a "safety valve" (511 U.S. at 883) and an appropriate vehicle for the interlocutory appeal of contract interpretation claims:

> While Digital's insistence that the District Court applied a fundamentally wrong legal standard in vacating the dismissal order here may not be considered in deciding appealability under § 1291 ... it plainly is relevant to the availability of the discretionary interlocutory appeal from particular district court orders "involv[ing] a controlling question of law as to which there is a substantial ground for difference of opinion," provided for in § 1292(b) of Title 28. ***Indeed, because we suppose that a defendant's claimed entitlement to a privately negotiated "immunity from suit" could in some instances raise "a controlling question of law ... [which] ... may materially advance the ultimate termination of the litigation," the discretionary appeal provision (allowing courts to consider the merits of individual claims) <u>would seem a better vehicle for vindicating serious contractual interpretation claims</u>*** than the blunt, categorical instrument of § 1291 collateral order appeal.

*Id.* (internal citations omitted; emphasis added).

The quote above is germane not only to contract interpretation in general, but is especially germane to the specific contractual issue involved in the Order. The settlement agreement in *Digital Equipment* was claimed to have the same effect as Union Oil believes Article 7 of the Alignment

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Agreement has in the instance case; that is, enforcement of the contract would result in the dismissal of claims from the lawsuit. The Supreme Court believed that a "controlling question of law" under § 1292(b) could be raised by a "claimed entitlement to a privately negotiated 'immunity from suit,'" and immunity from suit for audit dispute claims which predate the 2002 Alignment Agreement is precisely what Union Oil is claiming in this case. Whether Article 7 requires the dismissal of all of the 173 pre-Alignment Agreement audit dispute claims is thus a matter of "serious contractual interpretation" which the Supreme Court found § 1292(b) to be a "better vehicle" under which to appeal.

Finally, Forest Oil does not contest, as was argued in the motion, that (1) resolution of the Article 7 issue on appeal could "materially affect the outcome of litigation in the district court" (*see generally In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)), (2) there are 173 pre-Alignment Agreement audit claims, trial of which will require a substantial amount of this Court's time and the time and expense of the parties, and (3) an interlocutory appeal of the Order could save the parties and this Court the very considerable time and expense of addressing these 173 audit claims at trial. As discussed in the motion, of these factors weigh heavily in favor of certifying the appeal of the Order, and Forest Oil puts forward no evidence or authority to the contrary.

Therefore, based on *Digital Equipment*, and for the reasons stated above and in the motion, this Court's Order interpreting Article 7 presents a "controlling question of law" appropriate for certification of appeal under § 1292(b).

2. <u>There is a substantial ground for difference of opinion.</u>

The "substantial ground for difference of opinion" regarding the Order does not, as argued by Forest Oil, arise merely from the fact that Union Oil obviously believes the Court erred in the Order. The Court's interpretation and limitation of Article 7 is unsupported by the record, and Forest Oil points to nothing in the record in its opposition. The court's adoption of an "intent" in Article 7 of which there is no evidence is in error in light of the clear scheme of the agreements and the defined, capitalized terms in Article 7. However, Union Oil's position on this has been briefed in detail in the summary judgment proceedings, in the motion for reconsideration of the Order and the motion for certification, and Union Oil need not repeat the details of its argument again in this reply. Suffice it to say that the issue of whether the Court has correctly interpreted Article 7 is not a matter

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Reply Re: Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90
*Forest Oil Corporation v. Unocal Alaska* (Case No. 3:05-cv-00078-RRB)          Page 3 of 5

of degree; that is, Article 7 is not subject to various shades of interpretation. The Court's interpretation is either entirely correct or it is entirely incorrect. Therefore, there is a substantial ground for a difference of opinion as to the Court's interpretation and as to the Order itself.

### 3. An immediate interlocutory appeal would materially advance the ultimate termination of the litigation.

Forest Oil's argument regarding this factor is apparently that appeal of the Order will not dispose of the entire case; that argument, however, is irrelevant and ignores the purpose of § 1292(b). If the Order disposed of the entire case then Union Oil could simply file a regular appeal and there would be no need to use the discretionary interlocutory appeal procedures of § 1292(b). Despite the concerns of Forest Oil, § 1292(b) is, by its very nature, an exception to the rule against piecemeal appeals. Section 1292(b) allows piecemeal appeals where application of that statute is appropriate, and Union Oil believes that an appeal is appropriate regarding the Order. *See Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003) ("§ 1292(b) provides the additional safeguard of requiring the court of appeals' consent to appeal the order. This additional safeguard further protects against piecemeal appeals of issues within claims."); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2nd Cir. 1996) (stating that § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."); *Hartford Fire Ins. Co. v. Herrald*, 434 F.2d 638 (9th Cir. 1970) ("Piecemeal review, except in instances specifically provided for in 28 U.S.C. 1292(b) and Rule 54(b), Federal Rules of Civil Procedure, is not favored.").

As noted above, Forest Oil does not dispute that there are 173 distinct pre-Alignment Agreement audit dispute claims, each of which will require significant discovery and trial time. Forest Oil also does not dispute that reversal of the Order on appeal would (1) take those 173 claims completely off the table in this case, (2) substantially reduce the issues remaining for trial, and (3) substantially shorten the trial itself. Forest Oil makes no argument to counter the argument in the motion that removing those 173 claims from this case would materially advance the termination of the litigation because it "would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Reply Re: Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90
*Forest Oil Corporation v. Unocal Alaska* (Case No. 3:05-cv-00078-RRB)          Page 4 of 5

Finally, as noted in the motion, and which is not contested by Forest Oil, the "materially advance" factor is closely tied to the "controlling question" factor. Because the "controlling question" factor is satisfied in this matter, so is the "materially advance" factor.

## CONCLUSION

Forest Oil argues that this case does not involve "exceptional" or "rare" circumstances for an interlocutory appeal, but for the reasons set out above and in the motion every factor for an appeal of the Order under § 1292(b) is satisfied in this matter. Therefore, the Court is respectfully requested to certify the Order for interlocutory appeal to the Ninth Circuit.

DATED this 23rd day of August, 2006.

LANE POWELL LLC
Attorneys for Defendant


By   s/ Brewster H. Jamieson
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska  99503-2648
   Tel:   907-277-9511
   Fax:   907-276-2631
   Email:  jamiesonb@lanepowell.com
   ASBA No. 8411122

I certify that on August 23, 2006, a copy of the foregoing was served by ECF on:

Jeffrey M. Feldman, feldman@frozenlaw.com

  s/ Brewster H. Jamieson
017351.0040/156168.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply Re: Alternative Motion for Certification of Interlocutory Appeal
Pursuant to 28 U.S.C. § 1292(b) of the Order at Docket No. 90**
*Forest Oil Corporation v. Unocal Alaska* **(Case No. 3:05-cv-00078-RRB)**                              **Page 5 of 5**