IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                   Plaintiff,<br><br>vs.<br><br>UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL ALASKA,<br><br>                  Defendant. | Case No. 3:05-cv-00078-RRB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AT DOCKET NO. 92** |

**I.  INTRODUCTION.**

At Docket No. 92 Defendant Union Oil Company of California ("Unocal") has moved for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) the Order Denying Defendant's Motion for Partial Summary Judgment at Docket No. 23 and Granting Plaintiff's Motion for Partial Summary Judgment at Docket No. 39.[1]  At Docket No. 98 Plaintiff Forest Oil Co. ("Forest") has filed its opposition and at Docket No. 101 Unocal has replied.  Neither party has requested oral argument and having reviewed the moving papers and opposition the Court has determined that oral argument would not assist the court in deciding the motion.

**II.  STANDARD OF REVIEW.**

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would

---

[1] Docket No. 90.

> have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Where, as in the case at bar, a party cannot appeal unless the district court grants permission to so do, the district court may amend its order to grant permission upon the motion of a party, or *sua sponte*.[2]

In order for question to be a "controlling question of law" as required for certification of interlocutory appeal it must be shown that resolution of issue on appeal could materially affect outcome of litigation in district court.[3]  However, §1292(b) is a departure from the normal rule that only final judgments are appealable only in "exceptional circumstances,"[4] and must, therefore, be narrowly construed .[5]

## III.  DISCUSSION.

First, the Court disposes of Forest's argument that contract interpretation is not a proper issue for an interlocutory appeal under § 1292(b).  Suffice it to say that the Ninth Circuit has permitted interlocutory appeals of decisions interpreting contracts.[6]

Unocal's principal argument is that the interpretation of the scope of Article 7 of the Alignment Agreement is a question of law the reversal of which will save the parties and the court substantial time and effort.  Specifically, Unocal argues that there are 173 pre-Alignment Agreement audit claims that are affected by the court's ruling and that each of these audit claims are unique.  Unocal provides no evidentiary support for this conclusory statement.  But even accepting it on its face as true does not alter the outcome.

---

[2] FED. R. APP. P. 5(a)(3).

[3] *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1981).

[4] *Id.*

[5] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 2067 n. 6 (9th Cir.2002).

[6] *See, e.g., Bonneville Power Admin. v. Washington Pub. Power Supply Sys.*, 956 F.2d 1497 (9th Cir.1992); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir.1991).

Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.[7] The Ninth Circuit has expressly rejected "the view that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit."[8]

How an appeal from the order at Docket 90 would "advance the ultimate termination of the litigation" is, at best, questionable. The case must still be tried on the remaining post-Alignment Agreement audit issues. If this Court certifies an interlocutory appeal and the Ninth Circuit exercises its discretion to accept the appeal, this Court must either (1) proceed to try the post-Alignment Agreement audit issues or (2) hold trial of the post-Alignment Agreement audit issues in abeyance pending a decision on appeal. If the Court proceeds to try the post-Alignment Agreement audit issues and the appellate court affirms, the trial will be bifurcated. If the Court holds the trial in abeyance pending a decision on appeal, trial will be delayed. In neither case is the ultimate termination advanced. On the other hand, proceeding to try the entire case will neither advance nor retard ultimate termination of the litigation. The issue in question is dispositive of only part of the litigation, and no decision that the Court of Appeals might make would materially alter the ultimate course of this case.[9]

## IV. CONCLUSION/ORDER.

For the foregoing reasons, Defendant's Motion for Certification of Interlocutory Appeal at Clerk's Docket No. 92 is **DENIED**.

Entered this 29th day of August, 2006.

/S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[7] *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966) (*per curium*).

[8] *In re Cement Antitrust Litigation*, 673 F.2d at 1027.

[9] *See United Sates Rubber Co. v. Wright, supra*, (dismissing as improvidently granted leave to appeal under § 1292(b) where the issue was only relevant to one of several before the district court).