Brewster H. Jamieson, ASBA No. 8411122
Peter C. Partnow, ASBA No. 7206029
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email:     jamiesonb@lanepowell.com
Email:     partnowp@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA<br>d/b/a UNOCAL ALASKA,<br><br>                              Defendant. | Case No. 3:05-cv-00078-RRB<br><br>**MOTION TO JOIN FOREST ALASKA<br>OPERATING LLC AS PARTY PLAINTIFF** |

Defendant Union Oil Company of California d/b/a Unocal Alaska ("UOCC"), by and through counsel, hereby moves the court to join Forest Alaska Operating LLC ("Forest Alaska") as a party plaintiff in this matter.

This lawsuit is premised on the oil and gas interests in the Trading Bay Unit which Forest Oil Corporation ("Forest Oil") owned at the time the complaint was filed, and is brought pursuant to the agreements between the parties which govern those interests. However, Forest Oil has now assigned all of those interests to Forest Alaska. As such, this motion is being brought pursuant to Civil Rule 17 on the grounds that Forest Alaska should be joined as a real party in interest in this matter. In addition, or in the alternative, this motion is brought pursuant to Civil Rule 19 on the grounds that the joinder of Forest Alaska as a party plaintiff is both necessary and indispensable for the just adjudication of this lawsuit. At the least, Forest Alaska is a proper party which should be joined to this action as a plaintiff under Civil Rule 20(a). Finally, in addition, or in the alternative,

this motion is brought pursuant to Civil Rule 13(h); although, for the reasons stated below, UOCC contends that as a party plaintiff Forest Alaska would be subject to the counterclaims brought by UOCC in its answer, if the Court declines to make Forest Alaska a party plaintiff it should at least order Forest Alaska to be joined as a counterclaim defendant under Rule 13(h).

## I. FACTS

### A. History of ownership in the Trading Bay Properties leading to Common Equity.

Forest Oil Corporation owned (and UOCC currently owns) working interests in several offshore oil and gas leases located in Alaska's Cook Inlet, which were awarded by the State of Alaska to UOCC in the late 1960s, and which make up the Trading Bay Properties. The four agreements that govern the relationship between Forest and UOCC in regard to development and operation of the Trading Bay Properties ("the Trading Bay Agreements") are as follows[1]:

(1)   The Trading Bay Unit Operating Agreement ("TBUOA");

(2)   The Trading Bay Field Operating Agreement ("TBFOA");

(3)   The Unit Agreement for the Development and Operation of the Trading Bay Unit Area, State of Alaska ("TB Unit Agreement")[2];

(4)   The Alignment Agreement Trading Bay Field / Trading Bay Unit (Alignment Agreement).

The TBUOA and the TBFOA will be collectively referred to herein as the "Operating Agreements." UOCC was originally designated and has remained the Operator under the Trading Bay Agreements. As the Operator, UOCC is charged with "the exclusive right and duty to conduct operations according to plans and procedures as specified by the Parties and to do all things necessary and consistent therewith." *See* TB Unit Agreement, at ¶ 8; TBUOA, at Articles VII and VIII; and TBFOA, at Articles VI and VII.

The Trading Bay Agreements were negotiated and entered into by and among UOCC and Forest Oil (and/or their predecessors-in-interest) in the late 1960s, and have been amended several

---

[1] Copies of these agreements were attached to UOCC's Motion for Partial Summary Judgment Re: Waiver/Accord and Satisfaction, Docket No. 23.

[2] The State of Alaska is also party to the Unit Agreement along with all working interest owners, *i.e.,* UOCC, Forest Oil and Marathon.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

times over the years. Up until the 1990s, there were multiple working interest owners in the Trading Bay Properties and multiple parties to the Trading Bay Agreements. Additionally, the Trading Bay Properties were comprised of numerous working interest participating areas ("WIPAs"),[3] with ownership among the working interest owners in each WIPA being slightly different. In 1996, UOCC and Forest Oil became the sole working interest owners of the *oil* assets underlying the Trading Bay Properties including all oil WIPAs.

By way of the Alignment Agreement dated January 1, 2002, UOCC and Forest Oil aligned their respective working interests in the Trading Bay Properties, including all WIPAs except for and excluding the Grayling Gas Sands WIPA.[4] Since the alignment of interests (otherwise referred to as "Common Equity")[5], UOCC maintains a 53.20% working interest ownership, and Forest maintains a 46.80% working interest ownership, in all oil WIPAs comprising the Trading Bay Properties. *See* Alignment Agreement.

### B. Forest Oil Has Transferred Its Oil And Gas Interests In The Trading Bay Unit to Forest Alaska.

Forest Oil has transferred and assigned all of its interests in the Trading Bay Unit and now no longer owns or controls those interests. First, Forest Oil created Forest Alaska Holding LLC and Forest Alaska as subsidiary companies. Attached as Exhibit A are Certificates of Formation and Amendment for Forest Alaska Holding LLC and Forest Alaska, showing that both companies were organized in the State of Delaware. At Exhibit B are the Operating Agreements for the two LLCs, showing that Forest Oil is the sole member of both LLCs. Then, in October, 2006, Forest Oil

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

---

[3] A WIPA is essentially a pool or underground reservoir containing, or appearing to contain, a common accumulation of oil or gas, which is designated as such by the parties to the Agreements for purposes of allocating and apportioning costs and production for royalty purposes. *See* Article 3.18 and 3/28 of the TBUOA.

[4] UOCC and Forest Oil aligned their interests in all *oil* horizons underlying the Trading Bay Properties, excluding the gas, and more specifically, the Grayling Gas Sands (GGS) and the GGS WIPA, in which ownership is shared between UOCC (48.80%) and Marathon (51.20%).

[5] In general, the purpose of Common Equity was to create common assets, including all WIPAs (excluding the GGS WIPA), in which ownership would be shared by and between UOCC and Forest Oil according to a pre-negotiated working interest percentage that would apply to all production, revenue, and costs associated with the Trading Bay Properties. Thus, Common Equity dramatically reduced the administrative burden of breaking down production, revenue, and costs according to multiple WIPAs with varying percentages of ownership in each.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

transferred its interests in the Trading Bay Unit leases to Forest Alaska Holding LLC, which then immediately transferred the same interests to Forest Alaska. *See* Exhibit C, Assignments of Interest in Oil and Gas Lease, recorded with the State of Alaska, from Forest Oil to Forest Alaska Holding LLC, and from Forest Alaska Holding LLC to Forest Alaska. Note that under these Assignments, Forest Oil and Forest Alaska Holding LLC retained "zero" percent of the interests assigned. Note also that these Assignments were all signed and approved by the State of Alaska, Division of Oil and Gas, effective November 1, 2006.

Also attached as Exhibits D and E are, respectively, (i) November 1, 2006, Master Conveyance between Forest Oil Corporation and Forest Alaska Holding LLC, and (ii) November 1, 2006, Master Conveyance between Forest Alaska Holding LLC and Forest Alaska. The Master Conveyance agreements effectuate the transfer and assignment of the Trading Bay Unit interests which eventually wound up in the hands of Forest Alaska. Pursuant to the introductory paragraph of Article I and Section 1.1 under both Master Conveyances, Forest Oil and then Forest Alaska Holding LLC transferred and assigned to Forest Alaska "all of the right, title and interest" which had been owned by Forest Oil "in and to" the interests in the Trading Bay Unit leases.

Therefore, all of Forest Oil's interests in the Trading Bay Unit leases are now owned solely by Forest Alaska Operating LLC. As such, for the reasons stated below Forest Alaska should be made a party plaintiff in this matter.[6]

## II.  Argument

### A.  Forest Alaska Is The "Real Party In Interest" Under Civil Rule 17.

Civil Rule 17(a) provides: "Every action shall be prosecuted in the name of the real party in interest." In a diversity case such as this one, whether a party is the real party in interest under

---

[6] In fact, it now appears that Forest Alaska itself, along with the interests in the Trading Bay Unit it holds, will be sold to Pacific Energy Resources Ltd ("Pacific") as of June 30, 2007. Attached as Exhibit F are three news articles dated May 29, 2007, from the Anchorage Daily News, Yahoo!Finance, and Oil and Gas Journal. These articles report that Forest Oil has in place a "definitive agreement" to sell its Alaska assets to Pacific for $464 million, and that the deal will close on June 30. The Yahoo!Finance story states: "The purchase agreement includes the acquisition of Forest Oil's subsidiary, Forest Alaska Operating LLC." Should Pacific obtain from Forest Alaska ownership rights in any of the oil or gas interests which are the subject of the Operating Agreements at issue in this case, UOCC reserves the right to seek to add Pacific as a party plaintiff hereto.

**Motion to Join Forest Alaska Operating LLC as Party Plaintiff**
*Forest Oil Corporation v. Unocal Alaska* (Case No. 3:05-cv-00078-RRB)                                    Page 4 of 13

Rule 17(a) depends upon applicable state substantive law. *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093-94 (9th Cir. 2004) (as amended).

Under Alaska law, the assignment of an oil and gas interest must be approved by the State of Alaska. 11 AAC 82.605(a). As noted above, the assignment of Forest Oil's interests in the Trading Bay Unit leases were in fact approved by the State. This approval operates to relieve the transferor (in this case, Forest Oil and then Forest Alaska Holding LLC) of all obligations except those accruing before the approval. 11 AAC 82.605(b). As such, under State law Forest Alaska is now the official lessee of the interests in the Trading Bay Unit, and has all of the rights and obligations under those interests which Forest Oil previously had.

The transfer and assignment of Forest Oil's interests in the Trading Bay Unit have consequences under the Operating Agreements. The TBUOA at Section 31.4, and the TBFOA at Section 23.4, both provide as follows:

> The provisions of this Agreement shall be covenants running with the lands, leases, and interests covered hereby, and shall be binding upon and inure to the benefit of the legal representatives, successors and assigns of the Parties hereto.

Pursuant to this provision, the Operating Agreements are binding upon Forest Alaska, and Forest Alaska must now be considered a party to the Operating Agreements. In addition, Forest Alaska also became a party to the Operating Agreements under the general operation of Alaska law. *RAN Corp. v. Hudesman*, 823 P.2d 646, 649 (Alaska 1991) ("An effective lease assignment makes the assignee the tenant of the owner; the assignee becomes the lessee and has a direct contractual relationship with the owner.").

As a party to the Operating Agreements because of the transfer and assignment, under Alaska law Forest Alaska Operating LLC is a real party in interest in any litigation relating to the Operating Agreements. *See Diksen v. Troxell*, 938 P.2d 1009, 1012 (Alaska 1997) ("Moreover, Diksen is clearly the real party in interest with respect to the interests in the permit agreement which she purchased from her children."); *Fairbanks North Star Borough v. Kandik Const., Inc. & Associates*, 795 P.2d 793, 802 (Alaska 1990) (party to contract allowed to join lawsuit as a real party in interest); *Smith v. Lee¸* 770 P.2d 754 (Alaska 1989) (bank which had been assigned part of note and deed of trust was a real party in interest in proceedings to enforce those instruments); *Municipality of Anchorage v. Baugh Const. & Engineering Co.*, 722 P.2d 919, 925 (Alaska 1986)

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

(insurer which was a part to a Loan Receipt Agreement had "enough at stake" to be a real party in interest in a lawsuit regarding the loss and damage which was the subject of the Agreement).

Further, as a general rule, under Alaska law, an assignment of an interest makes the assignee the "real party in interest" regarding that interest. *See Alaska Continental, Inc. v. Trickey*, 933 P.2d 528, 532 n. 3 (Alaska 1997) ("Our holding that the claims in question were impliedly assigned by operation of law from ACI to shareholders' ACI and then to ACI II obviates the need to remand this aspect of the appeal to the superior court for a determination of the real party in interest pursuant to Alaska Civil Rule 17(a) and (b)."); *cf. McCall v. Coats*, 777 P.2d 655, 658-59 (Alaska 1989) (employers which had assigned claims against former employee were no longer real parties in interest).

The fact that the oil and gas interests were not transferred to Forest Alaska until after this case was commenced does not prevent Forest Alaska from being the real party plaintiff in interest. *See* 6A Wright, Miller & Kane, *Federal Practice and Procedure*, § 1545, p. 351 (1990) ("When the claim is not assigned until after the action has been instituted, the assignee is the real party in interest and can maintain the action.").

Therefore, the fact that Forest Alaska now has been transferred and assigned Forest Oil's oil and gas interests in the Trading Bay Unit makes Forest Alaska a real party in interest that should be joined as a plaintiff in this action.

**B.    Forest Alaska Should Be Joined Under Civil Rule 19.**

Civil Rule 19(a) provides:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action I (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Civil Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met. *Yellowstone County v. Pease,* 96 F.3d 1169, 1172 (9th Cir. 1996). The inquiry under Rule 19 is "a practical one and fact specific." *Washington v. Daley,* 173 F.3d 1158, 1165 (9th Cir. 1999). Thus, the question of whether to require the joinder of additional parties under Rule 19 must be made in light of the particular circumstances of each case. *Northern Alaska Environmental Ctr. v. Hodel,* 803 F.2d 466, 468 (9th Cir. 1986). If the factors under Rule 19(a) are satisfied, joinder is mandatory. *See* Rule 19 ("**shall** be joined as a party); *Blumberg v. Gates* 204 F.R.D. 453, 454 (C.D.Cal. 2001) ("Rule 19 provides for the mandatory joinder of parties "needed for a just adjudication," commonly referred to as "necessary" parties.").

Under the facts of the transfer and assignment of the oil and gas lease interests to Forest Alaska, joinder of Forest Alaska as a party plaintiff should be ordered under Civil Rule 19(a)(1) and/or (2).

**1.    Joinder Under Civil Rule 19(a)(1).**

Joinder of "necessary" parties pursuant to Rule 19(a)(1) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 879 (9th Cir. 2004) *citing Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir. 1983). In order to determine whether a party should be joined pursuant to Rule 19(a)(1), a "court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Las Vegas Events,* 375 F.3d at 879.

Joinder must be ordered under Rule 19(a)(1) because without the present owner of some of the very interests involved in this lawsuit, Forest Alaska, complete relief cannot be accorded among the present parties. Because of the transfer and assignment of the oil and gas interests, Forest Alaska is not only inextricably bound to the rights and obligations inherent in those interests, but it is also inextricably bound to the agreements that govern those interests and form the bases of this lawsuit.

Forest Oil's complaint, in the "Relief Requested" section on p. 16, prays for the following substantive relief:

a.    "*awarding to Forest the damages caused by Unocal's breaches of the Trading Bay Unit Operating Agreement and Trading Bay Field Operating Agreement*": To the extent that any

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

such damages are alleged to have been caused after the transfer of Forest Oil's interests to Forest Alaska, the question of whether those damages have been suffered -- and in what amount -- cannot be completely resolved without the participation of Forest Alaska.

      b.    *"declaring Forest's rights under the Trading Bay Unit Operating Agreement and Trading Bay Field Operating Agreement to prudent operatorship of the Properties"*: Forest Oil has no further rights under the Operating Agreements. As such, the only way such rights can be declared under the Operating Agreements is with the participation of Forest Alaska.

      c.    *"removing Unocal and replacing Unocal with Forest or an independent, third-party contractor as the operator of the Properties, or enjoining Unocal from violating its obligations to Forest, and ordering Unocal to act as a prudent operator in the future"*: Because Forest Oil no longer owns any interest in the Unit, under the Operating Agreements it neither has any further right to seek the removal of UOCC as operator, nor can it be named operator of the Unit. As such, the only entity that can go forward in this lawsuit and both seek to replace UOCC as Unit operator and act as the operator itself is Forest Alaska. Without Forest Alaska as a party plaintiff, the relief sought in the complaint relating to the operatorship of the Unit cannot be completely accorded. In addition, any injunction regarding UOCC's prudent operation of the Unit can only be effective in the future, and thus can only affect Forest Alaska, not Forest Oil.

      d.    *"granting Forest such further relief, including specific performance or other injunctive relief, to which it is entitled"*: Because Forest Alaska now owns the Trading Bay Unit interests, any order for specific performance by UOCC would only affect Forest Alaska, not Forest Oil. Likewise, any injunctive relief would have only future effect, and so again would only affect Forest Alaska.

In addition, UOCC has brought counterclaims in this matter. The participation of Forest Alaska as a party plaintiff is required in order to grant UOCC complete relief on the following counterclaims:

      a.    <u>Breach of the Covenant of Good Faith and Fair Dealing</u>. This counterclaim alleges bad faith against Forest Oil for its actions regarding cost accounting and the cost allocation process relating to the Trading Bay interests. Because Forest Oil's interests in those assets are now owned by Forest Alaska—and as that entity is now a party to the agreements Forest Oil is alleged to have

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Motion to Join Forest Alaska Operating LLC as Party Plaintiff**
*Forest Oil Corporation v. Unocal Alaska* **(Case No. 3:05-cv-00078-RRB)**          Page 8 of 13

breached—Forest Alaska would be liable for any bad faith actions regarding cost accounting and cost allocation that occurred following the transfer of the Trading Bay interests to Forest Alaska. Further, Forest Alaska would also be liable to UOCC for the bad faith conduct of Forest Oil to the extent Forest Oil assigned its liability relating to this lawsuit to Forest Alaska. And finally, as discussed below, Forest Oil's duties and obligations under the relevant agreements are secured by Forest's production. Since that production has been transferred to a new entity, the new entity is a necessary party to this action.

        b.     <u>Breach of Contract</u>. This counterclaim alleges that Forest Oil has failed to reimburse or has "short paid" UOCC for various items of Unit Expense and Costs as required by the Operating Agreements. As Forest Oil's interests in the Trading Bay assets are now owned by Forest Alaska—and as that entity is now a party to the agreements Forest Oil is alleged to have breached—Forest Alaska would be liable for any breach of contract regarding cost accounting and cost allocation that occurred following the transfer to Forest Alaska of those interests. Further, Forest Alaska would also be liable to UOCC for any breach of contract by Forest Oil to the extent Forest Oil assigned its liability relating to this lawsuit to Forest Alaska.

        c.     <u>Foreclosure on Forest's Trading Bay Assets</u>. UOCC, as Unit Operator, holds a lien on Forest Oil's former interest in the Trading Bay Unit. The Unit Operating Agreement, Paragraph 19.5 provides in relevant part that

> [e]ach party grants to Unit Operator . . . a lien upon its oil and gas rights in each Tract, its share of production, and its interests in all Unit property, as security for payment of its share of Costs, together with interest thereon at the rate of six percent (6%) per annum. Unit Operator . . . shall have the right to bring suit to enforce collection of such indebtedness with or without seeking foreclosure of the lien. In addition, upon default by any Party in the payment of its share of Costs, Unit Operator . . . shall have the right to collect from the purchaser the proceeds from the sale of such Party's share of Production until the amount owed by such Party, plus interest as aforesaid, has been paid.

Under the above-quoted paragraph, UOCC continues to hold a lien on Forest Oil's former interest in the Trading Bay Unit—the interest now held by Forest Alaska; this lien secures Forest Oil's obligation to pay its share of costs for the Unit. This counterclaim seeks to foreclose on the lien and to also recover a judgment for the personal liability of Forest Oil. Obviously, foreclosure of the lien on the Trading Bay interests would directly impact Forest Alaska, the current owner of the interests.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Further, any judgment for personal liability may impact Forest Alaska to the extent Forest Oil assigned its liability relating to this lawsuit to Forest Alaska. Complete relief on the foreclosure counterclaim thus requires the participation of Forest Alaska as a party plaintiff.

        d.    <u>Declaratory Relief</u>. This counterclaim seeks a declaration that (1) approval by the other Working Interest owner (now Forest Alaska) regarding UOCC's development and operation of the Trading Bay Unit and Field is not required, and (2) the other Working Interest owner (again, now Forest Alaska) is obligated to pay its share of expenses that UOCC, through the exercise of its independent business judgment, determines are required. This counterclaim requires the interpretation of the Operating Agreements to which Forest Alaska is now a party, and in part asks the Court to direct the parties' future behavior regarding the Operating Agreements and Trading Bay assets. Obviously, this counterclaim directly affects Forest Alaska and the Trading Bay interests it now owns, and the participation of Forest Alaska as a plaintiff is required in order to give UOCC complete relief on this counterclaim.

        For these reasons, Civil Rule 19(a)(1) is satisfied and joinder of Forest Alaska as a party plaintiff should be ordered in this matter.

    **2.**    **Joinder Under Civil Rule 19(a)(2).**

        Rule 19(a)(2) is also satisfied here. The interest referenced in Rule 19(a)(2) must be a legally protectable interest in the suit. *United States v. Bowen,* 172 F.3d 682, 689 (9th Cir. 1999); *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990). Forest Alaska has a legally protectable interest relating to the subject matter of the action because it owns the very oil and gas interests that are the subject of the agreements under which this action is brought. Any order by this court regarding cost allocation or expenditures relating to the Trading Bay Unit, or the operatorship of the Unit, without the participation of the current owner of those interests could impair or impede Forest Alaska's ability to protect its interests in the Unit. This is true not only for the claims brought in the complaint, but also regarding the counterclaims alleged by UOCC. As discussed above, each of the counterclaims directly affects Forest Alaska, not only as a party to the agreements which govern the Trading Bay interests, but also as the current owner of Forest Oil's former interests in Trading Bay. If Forest Alaska is not made a party to this litigation so that it may defend the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Motion to Join Forest Alaska Operating LLC as Party Plaintiff**
*Forest Oil Corporation v. Unocal Alaska* **(Case No. 3:05-cv-00078-RRB)**        **Page 10 of 13**

counterclaims, it will be unable as a practical or legal matter to protect its interests, or the interests of future transferees.

Finally, any judgment by this Court resolving the complaint leaves open the possibility of a claim from Forest Alaska that any such judgment is invalid as to Forest Alaska because it was not a party to this action. That, in turn, could result in further litigation with Forest Alaska over its Trading Bay interests, which would not only waste judicial resources and the time and resources of the parties, but would also potentially subject UOCC to (1) multiple liability, and/or (2) rulings that may be inconsistent with the Court's rulings in this action.

Therefore, for these additional reasons, Forest Alaska should be ordered joined to this action as a party plaintiff.

### C. Forest Alaska Should Be Joined Under Civil Rule 20(a).

Although UOCC asserts that Forest Alaska is both a necessary and indispensable party under Rule 19, at the very least, and in the alternative, Forest Alaska is certainly a "proper party" which should be joined as a plaintiff under Rule 20(a).

The Ninth Circuit has noted that joinder as a "proper party" under Rule 20(a) imposes two specific requirements for multiple plaintiffs to join in a single action: "(1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997). For the reasons stated above, these factors are easily met in this case.

That Forest Alaska owns the very oil and gas interests at issue in this lawsuit, and is a party to the very same Operating Agreements on which the complaint is based, satisfies the "same transaction or occurrence" factor. The "common question of law or fact" factor is satisfied because Forest Alaska is directly involved in and affected by the same issues of interpretation of the Operating Agreements, operatorship of the Trading Bay Unit, and cost allocation and expenses relating to the Trading Bay Unit, as well as the issues raised in UOCC's counterclaims discussed above, which also involve Forest Oil.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

In addition, the Ninth Circuit has stated that a trial court must also examine other factors in order to determine whether joinder under Rule 20(a) would comport with "the principles of fundamental fairness:"

> [T]he possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375-76 (9th Cir. 1980).

Under the facts of this case, it would not be "fundamentally unfair" to join Forest Alaska. The relationship between Forest Oil and Forest Alaska is extremely close; Forest Alaska is a wholly owned subsidiary of Forest Oil, and Forest Alaska was apparently organized by Forest Oil for the express purpose of being assigned Forest Oil's Cook Inlet oil and gas interests. In addition, Forest Oil knowingly assigned to Forest Alaska the very oil and gas interests at issue in this case, which assignment also made Forest Alaska a party to the very Operating Agreements at interest in this case. For these reasons, there can be no conceivable prejudice to Forest Oil as a result of Forest Alaska's joinder. UOCC has not delayed the resolution of this case by the timing of this motion; the assignment of Forest Oil's interests to Forest Alaska took place at the end of 2006. Jurisdiction of this Court will not be affected by the joinder of Forest Alaska, a Delaware company. Finally, as discussed above, UOCC's motives in bringing this motion are entirely proper, as UOCC seeks to (1) provide for complete relief in this case, (2) allow Forest Alaska to protect its interests, and (3) to avoid multiple liability and inconsistent obligations.

Therefore, the Court is respectfully requested, in the alternative, to at least order the joinder of Forest Alaska as a party plaintiff pursuant to Civil Rule 20(a).

### D. Forest Alaska Should Be Joined Under Civil Rule 13(h).

As discussed above, Forest Alaska is now directly affected by the counterclaims brought by UOCC in its answer. UOCC contends that as a party plaintiff Forest Alaska would thus necessarily be subject to the same counterclaims now alleged against Forest Oil. However, should the Court decline to order Forest Alaska joined as a party plaintiff, UOCC respectfully requests that

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the Court at least order Forest Alaska joined as a counterclaim defendant pursuant to Civil Rule 13(h).

Civil Rule 13(h) provides: "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." As noted above, both Rules 19 and 20 are satisfied in this matter as regards the joinder of Forest Alaska to this action. Thus, in addition to or as an alternative to the joinder sought above in this motion, Forest Alaska should at least be joined as a counterclaim defendant.

### III  CONCLUSION

For the reasons stated above, the Court is respectfully requested to order that Forest Alaska Operating LLC be added to this suit as a party plaintiff and counterclaim defendant.

DATED this 19th day of June, 2007.

>LANE POWELL LLC
>Attorneys for Defendant
>
>By  s/ Brewster H. Jamieson
>301 West Northern Lights Boulevard, Suite 301
>Anchorage, Alaska  99503-2648
>Tel:   907-277-9511
>Fax:   907-276-2631
>Email: jamiesonb@lanepowell.com
>ASBA No. 8411122

I certify that on June 19, 2007, a copy of the foregoing was served by ECF on:

Jeffrey M. Feldman, feldman@frozenlaw.com

  s/ Brewster H. Jamieson
017351.0040/160997.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631