# MASTER CONVEYANCE

This Master Conveyance (this "Conveyance") is executed effective as of 12:05 a.m., Anchorage Alaska local time, on November 1, 2006 (hereinafter called the "*Effective Date*"), and is by and between **Forest Alaska Holding LLC**, a Delaware Limited Liability Company ("Assignor"), whose mailing address is 707 Seventeenth Street, Suite 3600, Denver, Colorado 80202, and **Forest Alaska Operating LLC**, a Delaware Limited Liability Company ("Assignee"), whose mailing address is 707 Seventeenth Street, Suite 3600, Denver, Colorado 80202.

## ARTICLE I
## GRANTING AND HABENDUM CLAUSES

For good and valuable consideration, the receipt and sufficiency of which Assignor hereby acknowledges, Assignor has GRANTED, ASSIGNED, TRANSFERRED and CONVEYED, and does hereby GRANT, ASSIGN, TRANSFER and CONVEY to Assignee the following properties and interests (collectively, the "Assets"), on the Effective Date, all of the right, title and interest owned by Assignor in and to:

1.1    (i) the oil, gas and mineral leases described on **Exhibit A-1** attached hereto and made a part hereof for all purposes (and any extensions, renewals, ratifications or amendments to such interests whether or not such extensions, renewals, ratifications or amendments are described on such Exhibit), including without limitation the overriding royalty interests and reversionary interests described on **Exhibit A-1** and all other mineral rights, leasehold estates and other mineral interests and estates in and to such oil, gas and mineral leases and the other assets described on **Exhibit A-1** (collectively, the "*Properties*," or singularly, a "*Property*");

1.2    all real or immovable property and rights incident to the Properties, including without limitation (i) all rights with respect to the use and occupation of the surface of and the subsurface depths under the Properties; (ii) all rights with respect to any pooled, communitized or unitized acreage by virtue of any Property being a part thereof, including all production from such pool or unit allocated to any such Property; (iii) all easements, rights-of-way, surface leases, servitudes, permits, licenses, franchises and other estates or similar rights and privileges to the extent related to or used in connection with the Properties, including, but not limited to, those set forth on **Exhibits A-2, A-3 and A-4** attached hereto and made a part hereof for all purposes (collectively, the "*Easements*"); and (iv) all wells, platforms and other facilities, including without limitation the wells and platforms identified on **Exhibit B-1** attached hereto and made a part hereof for all purposes (the "*Platforms and Wells*")and the equipment identified on **Exhibit B-2** attached hereto and made a part hereof for all purposes (the "*Rolling Equipment*");

1.3    all oil, gas and other hydrocarbons produced from or attributable to the Properties (the "*Hydrocarbons*");

**FOC 000488**

EXHIBIT _E_

PAGE _1_ OF _42_

    1.4    all personal or movable property, fixtures, inventory, rolling equipment, and improvements located on or used in connection with the operation of the Properties and the Easements, or with the production, treatment, sale, or disposal of the Hydrocarbons and byproducts or waste produced from the Hydrocarbons or attributable thereto, including all wells (whether producing, shut in or abandoned, and whether for production, injection or disposal), wellhead equipment, pumps, pumping units, flowlines, gathering systems, interests in processing plants, platforms, pipelines, piping, tanks, buildings, boat docks, treatment facilities, injection facilities, disposal facilities, compression facilities, spare parts, tools, production units, heaters, separators, dehydrators, tank batteries, abandoned property, all surplus materials, stocks and inventory, including without limitation surplus materials, stock and inventory located at shore base docks and yards, and all other materials, supplies, equipment, facilities and machinery;

    1.5    all of Assignor's right, title and interest in and to the service, purchase and sale, marketing, equipment, drilling, gathering, processing, transportation, operating and all other contracts, software licenses and other intellectual property licenses and agreements, and other instruments directly related to or used in connection with the Properties, including without limitation, those listed on **Exhibit C** attached hereto and made a part hereof for all purposes (collectively, the *"Contracts"*); provided that nothing herein shall be deemed to require the transfer or assumption of any Contracts which by their terms or operation of law cannot be transferred or assumed and, with respect to any computer software and other intellectual property licenses that Assignor currently uses in connection with its other operations, or in connection with its company-wide accounting, tax, financial reporting, risk management, and human resources functions, Assignor shall not be obligated to transfer such software or licenses to the extent such transfer would adversely affect Assignor's ability to continue to use such software for Assignor's any such other purposes;

    1.6    all of Assignor's right, title and interest in and to Assignor's receivables, inventory, payables, proceeds, expenses, and other accounts, obligations, benefits, rights, and duties to the extent related to or used in connection with the Properties and Hydrocarbons, but excluding any hedges, swaps, collars or similar financial instruments or agreements; and

    1.7    any and all books, records, files, muniments of title, reports, state and MMS compliance information, reports and other filings and submissions, logs, core samples, geological, engineering data and information (including blueprints, maps, annotated logs, cross sections, data room materials and diagrams) and, analysis and similar information, whether or not of a proprietary nature to the extent related to the Properties and to the extent not subject to third party consents or restrictions on transfer (collectively, the *"Records"*); provided, that as to any Records which are subject to such third party consents or transfer restrictions, Assignor agrees to provide Assignee assistance as set forth below, in obtaining such consents or satisfying such transfer requirements.

The fact that some types of properties or interests are included in more than one of the foregoing clauses 1.1 through 1.7 above or are included in any supplemental assignment between the parties is not intended in any way to limit the effect of the more general descriptions nor to create multiple conveyances of the same item of property.

**FOC 000489**

EXHIBIT _E_

PAGE _2_ OF _42_

All of Assignor's interest in the Cook Inlet Pipeline Company and in the assets and properties of Cook Inlet Pipeline Company is specifically excluded from this Master Conveyance.

TO HAVE AND TO HOLD the Assets, together with all and singular the rights, privileges, contracts and appurtenances, in any way appertaining or belonging thereto, unto Assignee and to its successors and assigns, forever, subject to the terms and conditions hereof.

## ARTICLE II
## DISCLAIMERS

2.1    <u>Disclaimer</u>.  The Assets are hereby assigned by Assignor to Assignee without recourse, covenant or warranty of title of any kind, express, implied or statutory, except as to title claims to the Properties arising by, through and under Assignor, but not otherwise.  Any covenants or warranties implied by statute or law by the use herein of the words "grant," "convey" or other similar words are hereby expressly limited as above set forth.  WITHOUT LIMITING THE GENERALITY OF THE TWO PRECEDING SENTENCES, ASSIGNEE ACKNOWLEDGES THAT ASSIGNOR HAS NOT MADE, AND ASSIGNOR HEREBY EXPRESSLY DISCLAIMS AND NEGATES, AND ASSIGNEE HEREBY EXPRESSLY WAIVES, ANY REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, AT COMMON LAW, BY STATUTE OR OTHERWISE, RELATING TO (a) PRODUCTION RATES, RECOMPLETION OPPORTUNITIES, DECLINE RATES, OR THE QUALITY, QUANTITY OR VOLUME OF THE RESERVES OF HYDROCARBONS, IF ANY, ATTRIBUTABLE TO THE ASSETS, (b) THE ACCURACY, COMPLETENESS OR MATERIALITY OF ANY INFORMATION, DATA OR OTHER MATERIALS (WRITTEN OR ORAL) NOW, HERETOFORE OR HEREAFTER FURNISHED TO ASSIGNEE BY OR ON BEHALF OF ASSIGNOR, OR (c) THE ENVIRONMENTAL CONDITION OF THE ASSETS.  ASSIGNOR EXPRESSLY DISCLAIMS AND NEGATES, AND ASSIGNEE HEREBY WAIVES, AS TO PERSONAL PROPERTY, EQUIPMENT, INVENTORY, MACHINERY AND FIXTURES CONSTITUTING A PART OF THE ASSETS (i) ANY IMPLIED OR EXPRESS WARRANTY OF MERCHANTABILITY, (ii) ANY IMPLIED OR EXPRESS WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, (iii) ANY IMPLIED OR EXPRESS WARRANTY OF CONFORMITY TO MODELS OR SAMPLES OF MATERIALS, (iv) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM DEFECTS, WHETHER KNOWN OR UNKNOWN, (v) ANY AND ALL IMPLIED WARRANTIES EXISTING UNDER APPLICABLE LAW, AND (vi) ANY IMPLIED OR EXPRESS WARRANTY REGARDING ENVIRONMENTAL LAWS, THE RELEASE OF MATERIALS INTO THE ENVIRONMENT, OR PROTECTION OF THE ENVIRONMENT OR HEALTH, IT BEING THE EXPRESS INTENTION OF ASSIGNEE AND ASSIGNOR THAT THE PERSONAL PROPERTY, EQUIPMENT, INVENTORY, MACHINERY AND FIXTURES INCLUDED IN THE ASSETS SHALL BE CONVEYED TO ASSIGNEE, AND ASSIGNEE SHALL ACCEPT SAME, AS IS, WHERE IS, WITH ALL FAULTS AND IN THEIR PRESENT CONDITION AND STATE OF REPAIR AND ASSIGNEE REPRESENTS TO ASSIGNOR THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS WITH RESPECT TO SUCH PERSONAL PROPERTY, EQUIPMENT, INVENTORY, MACHINERY AND FIXTURES AS ASSIGNEE DEEMS APPROPRIATE. ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN

FOC 000490
EXHIBIT    E
PAGE 3 OF 42

WARRANTIES CONTAINED IN THIS SECTION ARE *"CONSPICUOUS"* DISCLAIMERS FOR THE PURPOSES OF ANY APPLICABLE LAW, RULE OR ORDER.

    2.2    <u>Subrogation</u>.  Assignor hereby transfers and assigns unto Assignee, its successors and assigns, all of its rights under and by virtue of all covenants and warranties pertaining to the Assets, express or implied (including, without limitation, title warranties and manufacturers', suppliers' and contractors' warranties), that have heretofore been made by any of Assignor's predecessors in title, or by any third party manufacturers, suppliers and contractors (the "Prior Covenants and Warranties").  This Conveyance is made with full substitution and subrogation of Assignee, its successors and assigns, in and to and under and by virtue of the Prior Covenants and Warranties and with full subrogation to all rights accruing under the statutes of limitation, prescription and repose under the laws of the applicable jurisdictions in relation to the Assets and all causes of action, rights of action or warranty of Assignor against all former owners of the Assets.  Assignor makes no representation, warranty or guarantee regarding the existence, extent or validity of any such covenants, warranties or subrogation rights.

**ARTICLE III**
**MISCELLANEOUS**

    3.1    <u>Further Assurances</u>.

    (a)    Assignor has executed and/or will execute separate assignments of individual oil, gas and mineral leases or interests therein that are included in the Assets for filing with certain governmental entities or agencies.  In addition to such assignments (without creating any additional covenants, warranties or representations of or by Assignor), Assignor covenants and agrees to execute and deliver to Assignee all such other and additional assignments, instruments and other documents and to do all such other acts and things as may be necessary more fully to vest in Assignee record title to all of the Assets and the respective properties, rights and interests herein and hereby granted or intended to be granted, and to put Assignee in actual possession of all of the Assets to the same extent as Assignor was theretofore in, or was theretofore entitled to be in.  Such separate or additional assignments: (i) shall not modify any of the terms and covenants herein set forth and shall not create any additional warranties, representations or covenants of or by Assignor to Assignee; (ii) shall be deemed to contain all of the terms and provisions hereof, as fully and to all intents and purposes as though the same were set forth at length in the separate assignments; and (iii) to the extent required by law, shall be on forms prescribed, or may otherwise be on forms suggested, by the appropriate governmental entities and agencies.  In the event any term or provision of any separate or additional assignment should be inconsistent with or conflict with the terms or provisions of this Conveyance, the terms and provisions of this Conveyance shall control and shall govern the rights, obligations and interests of the parties hereto, their successors and assigns.  Such separate assignments and this Conveyance shall, when taken together, be deemed to constitute the one assignment by Assignor to Assignee of all of the Assets.

    (b)    Assignor and Assignee agree to prepare and file with the appropriate licensing and permitting authorities applications for the transfer or issuance, as may be necessary or advisable in connection with the transfer of the Assets, of all material governmental licenses and permits required for the Assignor and Assignee to operate their respective businesses after the

FOC 000491
EXHIBIT ___E___
PAGE _4_ OF _42_

Effective Date and Assignor and Assignee agree to cooperate and use commercially reasonably efforts to secure the transfer or issuance of any such licenses and permits.

(c)    Assignor serves as operator of certain Properties. From time to time, Assignor and Assignee may agree to appoint Assignee to succeed Assignor as operator of all or any portion of such Properties and both parties agree to cooperate to make all filings and give notice to and obtain consents from all third parties that may reasonably be required to cause Assignee to succeed Assignor as operator of any of the Properties (both of record and under contractual arrangements).

(d)    Assignor and Assignee agree to provide the other party with such cooperation and information as may be reasonably requested by the other in connection with the preparation or filing of any governmental report or filing, or in conducting any governmental proceeding ongoing as of the Effective Date, relating to the Assets or the business of Assignor prior to, on or after the Effective Date.

(e)    Assignor and Assignee agree to use their commercially reasonable efforts to cause the Assets to remain subject to the liens and encumbrances and mortgages on Assignor's assets under its amended and restated credit facility (the "Credit Facility") dated September 28, 2004 among Assignor and JP Morgan Chase Bank and the other agents and lenders party thereto and Assignee agrees to execute and deliver a Subsidiary Guaranty (as defined in the Credit Facility) as may be requested by Assignor in exchange for good and valuable consideration the receipt of which is hereby acknowledged; provided that Assignor, in its sole discretion, may elect to terminate or release the liens and encumbrances on the Assets or substitute its own assets for all or any portion of the Assets subject to the liens and encumbrances granted in favor of the lenders under the Credit Facility. Further, without the prior consent of Assignee, from and after the Effective Date, Assignor shall not renew or extend the term of the Credit Facility unless the liens and encumbrances on the Assets under the Credit Facility are thereupon terminated.

3.2    Approval. The assignment and conveyance of the Assets set forth herein, insofar as it affects any interest in leases or pipeline rights-of-way or other Assets the transfer of which must be approved by any governmental entity or agency, is made and accepted subject to the approval of the appropriate governmental entity or agency and to the terms of such approval, if and to the extent required by law.

3.3    Assumption. Assignee expressly assumes all of Assignor's obligations relating to the Assets, including, without limitation;

(a)    leases, operating agreements, unit agreements, right-of-way agreements and all other contracts;

(b)    any liability or obligation whether absolute or contingent, matured or unmatured, accrued or unaccrued, known or unknown, whenever arising, whether or not the liability or obligation would be properly reflected on a balance sheet, to the extent attributable to the operation of the Assets;

FOC 000492

EXHIBIT    *E*

PAGE 5 OF 42

(b)    liabilities arising from any soil or water contamination, other types of environmental damage or contamination, or other consequences of releases of hazardous materials in, on or migrating from the Assets;

(c)    liabilities arising from any legal obligation to plug, abandon, remove, or otherwise retire (i) all real or immovable property, including without limitation, all platforms, pipelines and improvements located on or situated on, or related to, or used in connection with the Properties; (ii) all equipment, personal or moveable property, fixtures and improvements located or situated on, or necessary in connection with the operation of the Properties, Easements and other Assets, including without limitation all wells (whether producing or shut-in and whether for production, injection or disposal), flowlines, gathering systems, processing plants, piping, tanks, buildings, boat docks, treatment facilities, injection facilities, disposal facilities, compression facilities, production units, tank batteries; or (iii) any other Asset;

but excluding any federal, state, or local taxes, including but not limited to income, excise, property, sales, use, license, capital stock, transfer, franchise, payroll, withholding, social security, value added or other taxes, including any interest, penalties or additions attributable thereto (which will be governed by a separate tax sharing agreement between Assignor and Assignee).

3.4    Counterparts.  This Conveyance may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts together shall constitute but one conveyance.  Assignor and Assignee have each retained a counterpart of this Conveyance with complete exhibits.

3.5    Successors and Assigns.    This Conveyance, and the other assignments contemplated by Section 3.1 above, shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.  Any successor or assignee to any rights, title or interest of Assignee in and to the Assets shall be deemed, by its acceptance of such rights, title or interest, to have become jointly and severally liable for the obligations of Assignee pursuant to Section 3.3 above that relate to such Assets.  No transfer by Assignee of any rights, title or interest in and to the Assets shall relieve, release or diminish Assignor's obligations pursuant to this Conveyance or the other assignments contemplated by Section 3.1 above in respect of the Assets.

3.6    Exhibits.  Reference is made to all Exhibits attached hereto and made a part hereof for all purposes.  References in such Exhibit to instruments on file in the public records are made a part hereof for all purposes.

3.7    Governing Law.  This Conveyance and the other assignments contemplated by Section 3.1 above, shall be governed by and construed in accordance with the laws of the State of Colorado; provided, however, insofar as it affects title to real or immovable property or its application is otherwise mandatory pursuant to applicable law, this Conveyance shall be governed by and construed in accordance with the laws of the State of Alaska, in each case, excluding any conflicts-of-law rule or principle that might refer same to the laws of another jurisdiction.

FOC 000493

EXHIBIT    _E_
PAGE _6_ OF _42_

IN WITNESS WHEREOF, Assignor and Assignee have executed this Conveyance as of the date of their respective acknowledgements below, but effective for all purposes as of the *"Effective Date"*.

ASSIGNOR
**Forest Alaska Holding LLC**

By: _____

Cyrus D. Marter, IV
Vice President and Secretary


ASSIGNEE
**Forest Alaska Operating LLC**

By: _____

Leonard Gurule
President


Exhibit A-1     Properties
Exhibit A-2     State Rights-of-Way
Exhibit A-3     Other Rights-of-Way
Exhibit A-4     Other Land
Exhibit B-1     Platforms and Wells
Exhibit B-2     Rolling Equipment
Exhibit C       Contracts

FOC 000494
EXHIBIT _E_
PAGE _7_ OF _42_

THE STATE OF COLORADO          §

COUNTY OF DENVER               §

Before me on this 1st day of November, 2006, the undersigned authority, appeared Cyrus D. Marter, IV, known to me to be the person whose name is subscribed to the foregoing instrument as Vice President and Secretary of Forest Alaska Holding LLC, and acknowledged to me that he executed the same for the purposes, and in the capacity therein state and is the act and deed of said company.

Notary Public, State of Colorado

My Commission Expires: 9/17/08

THE STATE OF ALASKA          §

THIRD JUDICIAL DISTRICT §

Before me on this 2nd day of November, 2006, the undersigned authority, appeared Leonard Gurule known to me to be the person whose name is subscribed to the foregoing instrument as President of Forest Alaska Operating LLC, and acknowledged to me that he executed the same for the purposes, and in the capacity therein state and is the act and deed of said company.

Notary Public
REBEKAH J. HAYNES
State of Alaska
My Commission Expires Mar. 9, 2010

Notary Public, State of Alaska

My Commission Expires: 3/9/2010

FOC 000495

EXHIBIT   E
PAGE 8 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| **BLM OIL AND GAS LEASES** | | | | | | | |
| A 035017 | RALPH H COTTIS | 10/1/1958 | 3405 | 381 | | ANCHORAGE | Township 8 North, Range 14 West, Seward Meridian, State of Alaska<br><br>Section 16:  Fractional SE/4 SW/4,<br>Fractional S/2 SE/4<br>Section 21:  Fractional E/2, E/2 W/2<br>Section 22:  Fractional SW/4 SW/4<br>Section 27:  Fractional NW/4,<br>Fractional N/2 SW/4<br>Section 28:  NE/4, E/2 NW/4, NE/4 SW/4, N/2 SE/4<br>Protracted Survey<br>U.S. Survey 4522<br>U.S. Survey 4523<br>U.S. Survey 4524, Lot 1<br><br>Containing 857 acres, more or less. |
| **MMS OIL AND GAS LEASES** | | | | | | | |
| OCS-Y-01665 | FORCENERGY INC. | 8/1/1997 | 2004-001900-0 | | | ANCHORAGE | Oil and Gas Lease of Submerged Lands Under the Outer Continental Shelf Lands Act from the United States Department of Interior, Minerals Management Service, effective August 1, 1997, identified as serial number OCS-Y-01665 whose leased area is described as: "That portion of Block 6163, OCS Official Protraction Diagram NO 05-02, Seldovia, approved January 04, 1995, shown as Federal 8(g) Area B on Supplemental Official OCS Block Diagram dated January 3, 1994, containing 1,546.208235 hectares; and That portion of Block 6213, OCS Official Protraction Diagram NO 05-02, Seldovia, approved January 04, 1995, shown as Federal 8(g) Area C on Supplemental Official OCS Block Diagram dated February 03, 1994, containing 259.429081 hectares." |
| OCS-Y-01664 | FORCENERGY INC. | 8/1/1997 | 2004-001991-0 | | | ANCHORAGE | Oil and Gas Lease of Submerged Lands Under the Outer Continental Shelf Lands Act from the United States Department of Interior, Minerals Management Service, effective August 1, 1997, identified as serial number OCS-Y-01664 whose leased area is described as: "That portion of Block 6113, OCS Official Protraction Diagram NO 05-02, Seldovia, approved January 04, 1995, shown as Federal 8(g) Area B on Supplemental Official OCS Block Diagram dated January 3, 1994, containing 2,634.249588 hectares; and That portion of Block 6114, OCS Official Protraction Diagram NO 05-02, Seldovia, approved January 04, 1995, shown as Federal 8(g) Area B on Supplemental Official OCS Block Diagram dated January 03, 1994, containing 62.294910 hectares. |
| **STATE OIL AND GAS LEASES** | | | | | | | |
| STATE OF ALASKA ADL 384404 | STEWART PETROLEUM COMPANY | 1/1/1995 | 244 | 526 | | ANCHORAGE | Cosmopolitan Unit, Tract 4<br><br>T. 3 S., R. 15W., Seward Meridian, Alaska<br><br>Section 22:  Protracted, All, 640 acres;<br>Section 23:  Protracted, All, 640 acres;<br>Section 26:  Surveyed, Fractional, All, 11.13 acres;<br>Section 26:  Protracted, All, tide and submerged lands, 628.87 acres;<br>Section 27:  Protracted, All, 640 acres;<br><br>containing 2,560.00 acres, more or less. |

Page 1 of 16

Exhibit A-1 Oil & Gas Leases

EXHIBIT  E
PAGE  9  OF  42

Exhibit A-1 Oil & Gas Leases
Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 384403 | STEWART PETROLEUM COMPANY | 1/1/1995 | 244 | 506 | | ANCHORAGE | Cosmopolitan Unit, Tract 3 |
| STATE OF ALASKA ADL 18790 | SUPERIOR OIL COMPANY | 9/1/1962 | | | | ANCHORAGE | Cosmopolitan Unit, Tract 7 |
| STATE OF ALASKA ADL 387102 | ARCO ALASKA, INC. | 2/1/1996 | | | 2002-004847-0 | ANCHORAGE | Cosmopolitan Unit, Tract 1 |

**Cosmopolitan Unit, Tract 3**

T. 3 S., R. 15W., Seward Meridian, Alaska

Section 20: Protracted, All, within the computed Alaska seaward boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved by the state on Feb. 4, 1993, 203.80 acres;
Section 21: Protracted, All, 640.00 acres;
Section 28: Protracted, All, 640.00 acres;
Section 29: Protracted, All, within the computed Alaska seaward boundary diagram approved by the state on Feb. 4, 1993, 419.20 acres;
Section 32: Protracted, All, within the computed Alaska seaward boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved by the state on Feb. 4, 1993, 535.69 acres;
Section 33: Protracted, W/2, 320.00 acres;

containing 2,758.69 acres, more or less.

**Cosmopolitan Unit, Tract 7**

T. 3 S., R. 15 W., Seward Meridian, Alaska

Section 33: E/2, 320 acres;
Section 34: All, 640 acres;
Section 35: Fraction, (all shorelands (if any), tidelands, and submerged lands, including such shorelands (if any), and tidelands as may underlie the portion of Stariski Creek that runs through this section), 479.99 acres;

T. 4 S., R. 15 W., Seward Meridian, Alaska

Section 2: Fraction, (all tidelands and submerged lands), 378.98 acres;
Section 3: All, 640 acres;
Section 4: All, 640 acres;
Section 10: All, 640 acres;
Section 11: Fraction, (all tidelands and submerged lands), 220.39 acres;

containing 3,959.26 acres, more or less.

**Cosmopolitan Unit, Tract 1**

T. 3 S., R. 15W., Seward Meridian, Alaska

Section 15: Protracted, All, 640 acres;
Section 16: Protracted, All within the computed Alaska seaward boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved by the state on February 4, 1993, 466.64 acres;
Section 17: Protracted, All within the computed Alaska seaward boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved by the state on February 4, 1993, 2.50 acres;

containing 1,109.14 acres, more or less.

FOC 000497
EXHIBIT    E
PAGE 10 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases
RECORDING INFORMATION

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 389230 | ARCO ALASKA INC. | 2/1/2000 | | | 2002-004848-0 | ANCHORAGE | Cosmopolitan Unit, Tract 6 |

T. 4 S., R. 15 W., Seward Meridian, Alaska

Section 5:  Protracted, All tide and submerged land within the computed seaward
boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved
February 9, 1993, 634.15 acres;
Section 6:  Protracted, All tide and submerged land within the computed seaward
boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved
February 9, 1993, 52.73 acres;
Section 7:  Protracted, All tide and submerged land within the computed seaward
boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved
February 9, 1993, 258.35 acres;
Section 8: Protracted, All, 640.00 acres;
Section 9: Protracted, All, 640.00 acres;
Section 16: Protracted, All, 640.00 acres;
Section 17: Protracted, All, 640.00 acres;
Section 18: Protracted, All tide and submerged land within the computed seaward
boundary, listed as "state acreage" on Alaska's seaward boundary diagram approved
February 9, 1993, 630.49 acres;

containing 4,035.72 acres, more or less.

| STATE OF ALASKA ADL 389525 | PHILLIPS ALASKA, INC. | 5/1/2001 | | | 2002-004849-0 | ANCHORAGE | Cosmopolitan Unit, Tract 8 (Partial) |

T. 4 S., R. 15 W., Seward Meridian, Alaska

Section 19:  Protracted, N/2, 311.00 acres;

containing 311.00 acres, more or less.

| STATE OF ALASKA ADL 389526 | PHILLIPS ALASKA, INC. | 5/1/2001 | | | 2002-004850-0 | ANCHORAGE | Cosmopolitan Unit, Tract 9 |

T. 4 S., R. 16 W., Seward Meridian, Alaska

Section 13:  Protracted, All, as listed as "state acreage" on Alaska's seaward boundary
diagram approved by the state on February 2, 1993, 16.68 acres;
Section 24:  Protracted, N/2, as listed as "state acreage" on Alaska's seaward boundary
diagram approved by the state on February 2, 1993, 84.02 acres;

containing 100.70 acres, more or less.

Exhibit A-1 Oil & Gas Leases

EXHIBIT    E

PAGE  11  OF  42

FOC 000498

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

RECORDING INFORMATION

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|--------|--------|-----------|------|------|----------|----------|-------------|
| STATE OF ALASKA ADL 390308 | PHILLIPS ALASKA, INC. | 5/1/2001 | | | | ANCHORAGE | T. 4 S., R. 15 W., Seward Meridian, Alaska |
| | | | | | | | Section 19: Protracted, S/2, 311.00 acres; |
| | | | | | | | Section 20: Protracted, All, 640.00 acres; |
| | | | | | | | Section 21: Protracted, All, 640.00 acres; |
| | | | | | | | Section 28: Unsurveyed, All tide and submerged lands, 637.31 acres; |
| | | | | | | | Section 28: Surveyed, Fractional, Lot 1, 2.69 acres; |
| | | | | | | | Section 29: Protracted, All, 640.00 acres; |
| | | | | | | | Section 30: Protracted, All, 824.00 acres; |
| | | | | | | | Section 31: Protracted, All, 819.00 acres; |
| | | | | | | | Section 32: Protracted, All, 640.00 acres; |
| | | | | | | | Section 33: Unsurveyed, All tide And submerged lands, 492.02 acres; |
| | | | | | | | Section 33: Unsurveyed, Fractional, Lots 1 and 2, 32.06 acres; |
| | | | | | | | containing 5,278.08 acres, more or less. |
| STATE OF ALASKA ADL 390309 | PHILLIPS ALASKA, INC. | 5/1/2001 | | | | ANCHORAGE | T. 4 S., R. 16 W., Seward Meridian, Alaska |
| | | | | | | | Section 24: Protracted, S/2, As listed as "state acreage" on Alaska's seward boundary diagram approved by the state on February 2, 1993, 169.97 acres; |
| | | | | | | | Section 25: Protracted, All, As listed as "state acreage" on Alaska's seward boundary diagram approved by the state on February 2, 1993, 270.00 acres; |
| | | | | | | | Section 35: Protracted, All, as listed as "state acreage" on Alaska's seward boundary diagram approved by the state on February 2, 1993, 28.64 acres; |
| | | | | | | | Section 36: Protracted, All, as listed as "state acreage" on Alaska's seward boundary diagram approved by the state on February 2, 1993, 631.16 acres; |
| | | | | | | | containing 1,100.47 acres, more or less. |
| STATE OF ALASKA ADL 389517 | FOREST OIL CORPORATION | 5/1/2001 | 609 | 650 | | ANCHORAGE | T. 10 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Section 13: Protracted: All, 640.00 acres; |
| | | | | | | | 640.00 acres, more or less. |

Exhibit A-1 Oil & Gas Leases

FOC 000499

EXHIBIT E

PAGE 12 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | RECORDING INFORMATION DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 18730 | UNION OIL COMPANY OF CALIFORNIA & THE OHIO OIL COMPANY | 10/1/1962 | 111 | 220 | | ANCHORAGE | Trading Bay Unit, Tract 11 |

T. 9 N., R. 13 W., Seward Meridian, Alaska

Segment A: As to a 46.80000% working interest in 2,800.00 acres, more or less, and
described as follows:

Section 26: W1/2;
Section 27: All;
Section 28: All;
Section 33: All;
Section 34: All;

Pertains to land below 10,600 feet, below the Grayling Gas Sands.

Segment B: As to a 50.00000% working interest in 1,120.00 acres, more or less, and
described as follows:

Section 26: W2, 320.00 acres;
Section 27: E2, 320.00 acres;
Section 34: E2, SW4, 480.00 acres;

Pertains to the interval known as the Grayling Gas Sands located between 1,780 feet
MD and 10,128 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent.

Segment 2: As to a 46.80000% working interest in 1,120.00 acres, more or less, and
described as follows:

Section 26: W2, 320.00 acres;
Section 27: E2, 320.00 acres;
Section 34: E2, SW4, 480.00 acres;

Pertains to land from the surface to a depth of 1,780 feet MD in the Trading Bay Unit K-2
well or its stratigraphic equivalent.

Segment 3: As to a 50.00000% working interest in 960.00 acres, more or less, and
described as follows:

Section 26: E2, 320.00 acres;
Section 35: All, 640.00 Acres

Pertains to all depths.

Page 5 of 16

Exhibit A-1 Oil & Gas Leases

FOC 000500

EXHIBIT _E_
PAGE _13_ OF _42_

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | RECORDING INFORMATION SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 18772 | THE ATLANTIC REFINING COMPANY | 9/1/1962 | | | | ANCHORAGE | Trading Bay Unit, Tract 14 |

T. 9 N., R. 13 W., Seward Meridian, Alaska

Segment 2: As to 1,600.00 acres, more or less, and described as follows:

Section 15: All;
Section 22: All;
Section 23: W1/2;

Pertaining to land from the surface to the top of the Grayling Gas Sands.

Segment B: As to 1,600.00 acres, more or less, and described as follows:

Section 15: All;
Section 22: All;
Section 23: W1/2;

Pertaining to land below the Grayling Gas Sands.

| STATE OF ALASKA ADL 18729 | UNION OIL COMPANY OF CALIFORNIA & THE OHIO OIL COMPANY | 10/1/1962 | 111 | 229 | | ANCHORAGE | Trading Bay Unit, Tract 10 |

T. 8 N., R. 13 W., Seward Meridian, Alaska

Segment 2: As to a 46.800000% working interest in 1,365.00 acres, more or less, and described as follows:

Section 7: W2, SE4, 442.00 acres;
Section 8: S2, 320.00 acres;
Section 18: All, 603.00 acres;

Pertains to land from the surface to a depth of 1,780 feet MD in the Trading Bay Unit K-2 Well or its stratigraphic equivalent.

Segment A: As to a 46.80000% working interest in 3,035.00 acres, more or less, and described as follows:

Section 5: All;
Section 6: All;
Section 7: All;
Section 8: All;
Section 18: All;

Pertains to land below 10,600 feet, below the Grayling Gas Sands.

Segment B: As to a 50.000000% working interest in 1,365.00 acres, more or less, and described as follows:

Section 7: W2, SE4 442.00 acres;
Section 8: S2 320.00 acres;
Section 18: All, 603.00 acres;

Pertains the interval known as the Grayling Gas Sands located between 1,780 feet MD and 10,128 feet MD in the Trading Bay unit K-2 well or its stratigraphic equivalent.

Page 6 of 16

Exhibit A-1 Oil & Gas Leases

FOC 000501

EXHIBIT E
PAGE 14 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK PAGE SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|
| STATE OF ALASKA ADL 18777 | THE ATLANTIC REFINING COMPANY | 9/1/1962 | | ANCHORAGE | Trading Bay Unit, Tract 17 |
| | | | | | T. 9 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | Segment 1: As to a 50.00000% working interest in 1,108.00 acres, more or less, and described as follows: |
| | | | | | Section 7: SE4, 632.00 acres; Section 18: N2, SW4, 474.00 acres; |
| | | | | | Pertains to all depths. |
| | | | | | Segment 2: As to a 46.80000% working interest in 796.00 acres, more or less, and described as follows: |
| | | | | | Section 18: SE4, 160.00 acres; Section 19: All, 636.00 acres; |
| | | | | | Pertains to all land from the surface to the top of the Grayling Gas Sands or to a depth of 1,780 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |
| | | | | | Segment A: As to a 50.00000% working interest in 796.00 acres, more or less, and described as follows: |
| | | | | | Section 18: SE4, 160.00 acres; Section 19: All, 636.00 acres; |
| | | | | | Pertains to the Grayling Gas Sands defined as the interval in the Trading Bay Unit K-2 well between the measured depths of 1,780 feet and 10,125 feet and 10,125 feet stratigraphic equivalent. |
| | | | | | Segment B: As to a 46.80000% working interest in 796.00 acres, more or less, and described as follows: |
| | | | | | Section 18: SE4, 160.00 acres; Section 19: All, 636.00 acres; |
| | | | | | Pertains to all depths below the Grayling Gas Sands or below 10,125 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |

Exhibit A-1 Oil & Gas Leases

FOC 000502

EXHIBIT  *E*
PAGE _15_ OF _42_

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|--------|--------|-----------|------|------|----------|----------|-------------|
| STATE OF ALASKA ADL 17594 | UNION OIL COMPANY OF CALIFORNIA & THE OHIO OIL COMPANY | 3/1/1982 | 111 | 237 | | ANCHORAGE | Trading Bay Unit, Tract 3 |

T. 9 N., R. 13 W., Seward Meridian, Alaska

Segment 1: As to a 46.80000% working interest in 2,396.00 acres, more or less, and described as follows:

Section 16: W2, NE4, 480.00 acres;
Section 17: S2, NE4, 480.00 acres;
Section 20: W2, NE4 480.00 acres;
Section 30: All, 637.00 acres;
Section 31: W2, 319.00 acres;

Pertains to land within the Trading Bay Unit Tract 3 and from the surface down to a depth of 1,780 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent.

Segment 2: As to a 50.00000% working interest in 160.00 acres, more or less, and described as follows:

Section 17: NW4, 160.00 acres;

Pertains to all depths.

Segment A: As to a 46.80000% working interest in 4,956.00 acres, more or less, and described as follows:

Section 16: All;
Section 17: S1f2, NE1/4;
Section 20: All;
Section 21: All;
Section 28: All;
Section 30: All;
Section 31: All;
Section 32: All;

Pertains to land below 10,600 feet, below the Grayling Gas Sands.

Segment B: As to a 50.00000% working interest in 2,396.00 acres, more or less, and described as follows:

Section 16: W2, NE4, 480.00 acres;
Section 17: S2, NE4, 480.00 acres;
Section 20: W2, NE4 480.00 acres;
Section 30: All 637.00 acres;
Section 31: W2 319.00 acres;

Pertains to the interval known as the Grayling Gas Sands located between 1,780 feet MD and 10,128 feet MD in the Trading Bay Unit K-2, or its stratigraphic equivalent. Contains 2,396 acres, more or less.

Page 8 of 16

Exhibit A-1 Oil & Gas Leases

EXHIBIT _E_
PAGE _16_ OF _42_

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|--------|--------|-----------|---------|------|----------|----------|-------------|
| STATE OF ALASKA ADL 17579 | PAN AMERICAN PETROLEUM | 2/1/1962 | 42 | 323 | | ANCHORAGE | Trading Bay Unit, Tract 2 |
| | | | | | | | T. 8 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Segment 1: As to 2,240.00 acres, more or less, and described as follows: |
| | | | | | | | Section 4: All; Section 9: W1/2; Section 16: NW1/4; Section 17: All; Section 20: N1/2, SW1/4; |
| | | | | | | | Pertains to land from the surface down to a depth of 1,780 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |
| | | | | | | | Segment B: As to 2,240.00 acres, more or less, and described as follows: |
| | | | | | | | Section 4: All; Section 9: W1/2; Section 16: NW1/4; Section 17: All; Section 20: N1/2, SW1/4; |
| | | | | | | | Pertains to land below the Grayling Gas Sands or 10,128 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |
| STATE OF ALASKA ADL 21068 | ARCO | 7/1/1963 | | | | ANCHORAGE | Trading Bay Unit, Tract 18 |
| | | | | | | | T. 9 N., R. 14 W., Seward Meridian, Alaska |
| | | | | | | | Section 24: SE4 160.00 acres; |
| | | | | | | | Segment 1: |
| | | | | | | | Pertains to land from the surface to the top of the Grayling Gas Sands or to a depth of 1,780 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |
| | | | | | | | Segment B: |
| | | | | | | | Section 24: SE4 160.00 acres; |
| | | | | | | | Pertains to all depths below the Grayling Gas Sands or below 10,125 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |

Exhibit A-1 Oil & Gas Leases

FOC 000504
EXHIBIT
PAGE _17_ OF _42_ E

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 18716 | LLOYD POWERS | 9/1/1982 | | | | ANCHORAGE | Trading Bay Unit, Tract 9 |
| | | | | | | | T. 8 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Section 19: N2, SE4 462.50 acres; |
| | | | | | | | Segment 3: |
| | | | | | | | Pertaining to land from the surface to a depth of 1,780 feet MD or its stratigraphic equivalent in the Trading Bay Unit K-2 well. |
| | | | | | | | Segment C: |
| | | | | | | | Pertaining to land below 10,128 feet MD in the Trading Bay Unit K-2 well or its stratigraphic equivalent. |
| STATE OF ALASKA ADL 17597 | THE SUPERIOR OIL COMPANY | 3/1/1982 | | | | ANCHORAGE | Trading Bay Unit |
| | | | | | | | T. 10 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Segment 1: 2,560.00 acres, more or less, and described as follows: |
| | | | | | | | Section 14: All, 640 acres; Section 15: All, 640 acres; Section 22: All, 640 acres; Section 23: All, 640 acres; |
| | | | | | | | Segment 2: 2,000.00 acres, more or less, and described as follows: |
| | | | | | | | Section 27: N2NE4, W1/2, 400.00 acres; Section 28: All, 640.00 acres; Section 33: All, 640.00 acres; Section 34: W1/2, 320.00 acres; |
| STATE OF ALASKA ADL 374002 | DANCO/ALASKA PARTNERSHIP LTD | 4/1/1991 | 341/4 | | 84 | ANCHORAGE | Redoubt Unit Tract 2 |
| | | | | | | | T. 7 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Section 19: Protracted, All, 615 acres; Section 20: Protracted, All, 640 acres; Section 21: Protracted, All, 640 acres; Section 28: Protracted, All, 640 acres; Section 29: Protracted, All, 640 acres; Section 30: Protracted, All, 617 acres; Section 31: Protracted, All, 619 acres; Section 32: Protracted, All, 640 acres; Section 33: Protracted, All, 640 acres; |
| | | | | | | | containing 5,691 acres, more or less. |

FOC 000505

EXHIBIT E

PAGE 18 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | | RECORDING INFORMATION | | | |
| STATE OF ALASKA ADL 381003 | DANCO EXPLORATION INC | 12/1/1994 | 3414 | 98 | | ANCHORAGE | Redoubt Unit Tract 4 |
| | | | | | | | T. 7 N., R. 14 W., Seward Meridian, Alaska |
| | | | | | | | Section 33: Protracted, All, 640 acres; |
| | | | | | | | Section 34: Protracted, All, 640 acres; |
| | | | | | | | Section 35: Protracted, All, 640 acres; |
| | | | | | | | Section 36: Protracted, All, 640 acres; |
| | | | | | | | containing 2,560 acres, more or less. |
| STATE OF ALASKA ADL 381201 | DANCO EXPLORATION INC | 12/1/1994 | 3414 | 400 | | ANCHORAGE | Redoubt Unit Tract 5 |
| | | | | | | | T. 8 N., R. 14 W., Seward Meridian, Alaska |
| | | | | | | | Section 1: Protracted, All, 640 acres; |
| | | | | | | | Section 2: Protracted, All, 640 acres; |
| | | | | | | | Section 3: Protracted, All, 640 acres; |
| | | | | | | | Section 10: Protracted, All, 640 acres; |
| | | | | | | | Section 11: Protracted, All, 640 acres; |
| | | | | | | | Section 12: Protracted, All, 640 acres; |
| | | | | | | | Section 13: Protracted, All, 640 acres; |
| | | | | | | | Section 14: Protracted, All, 640 acres; |
| | | | | | | | Section 15: Protracted, All, 640 acres; |
| | | | | | | | containing 5,760 acres, more or less. |
| STATE OF ALASKA ADL 381203 | DANCO EXPLORATION INC | 12/1/1994 | 3414 | 383 | | ANCHORAGE | Redoubt Unit Tract 3 |
| | | | | | | | T. 7 N., R. 14 W., Seward Meridian, Alaska |
| | | | | | | | Section 13: Protracted, All, 640 acres; |
| | | | | | | | Section 14: Protracted, All, 640 acres; |
| | | | | | | | Section 23: Protracted, All, 640 acres; |
| | | | | | | | Section 24: Protracted, All, 640 acres; |
| | | | | | | | Section 25: Protracted, All, 640 acres; |
| | | | | | | | Section 26: Protracted, All, 640 acres; |
| | | | | | | | containing 3,840 acres, more or less. |
| STATE OF ALASKA ADL 378114 | DANCO EXPLORATION INC | 12/1/1991 | 3414 | 71 | | ANCHORAGE | Redoubt Unit Tract 1 |
| | | | | | | | T. 7 N., R. 13 W., Seward Meridian, Alaska |
| | | | | | | | Section 4: Protracted, All, 640 acres; |
| | | | | | | | Section 5: Protracted, All, 640 acres; |
| | | | | | | | Section 6: Protracted, All, 610 acres; |
| | | | | | | | Section 7: Protracted, All, 612 acres; |
| | | | | | | | Section 8: Protracted, All, 640 acres; |
| | | | | | | | Section 9: Protracted, All, 640 acres; |
| | | | | | | | Section 16: Protracted, All, 640 acres; |
| | | | | | | | Section 17: Protracted, All, 640 acres; |
| | | | | | | | Section 18: Protracted, All, 613 acres; |
| | | | | | | | containing 5,675 acres, more or less. |

FOC 000506

EXHIBIT _E_

PAGE _19_ OF _42_

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and
between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

| LESSOR | LESSEE | LEASE DATE | RECORDING INFORMATION BOOK PAGE SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|
| STATE OF ALASKA ADL 390368 | FOREST OIL CORPORATION | 10/1/2003 | 2003 116915-0 | ANCHORAGE | T. 7 N., R. 14 W., Seward Meridian, Alaska |
| | | | | | Section 4: Unsurveyed, All tide and submerged lands, 8.76 acres; |
| | | | | | Section 4: Unsurveyed, The beds of the unnamed lakes located within the S2NE4 and SE4, 41.11 acres; |
| | | | | | Section 9: Unsurveyed, All tide and submerged lands, 441.57 acres; |
| | | | | | U.S. Survey 12121, Lot 1 and that portion of Lot 2 lying within Sections 3, 4, 9 & 10, 310.37 acres; |
| | | | | | U.S. Survey 4527, Lot 1 and 3, 161.09 acres; |
| | | | | | containing 962.89 acres, more or less. |
| STATE OF ALASKA ADL 388233 | ANADARKO PETROLEUM CORPORATION AND ARCO ALASKA, INC. | 2/1/1997 | | ANCHORAGE | Three Mile Creek Unit Tract 4 |
| | | | | | T. 13 N., R. 11 W., Seward Meridian, Alaska, Tract A |
| | | | | | Segment 1: As to a 30% working interest in 2,800.00 acres, more or less, and described as follows: |
| | | | | | Section 22: Unsurveyed, SE/4; 160 acres; |
| | | | | | Section 23: Unsurveyed, SW/4; 160 acres; |
| | | | | | Section 26: Unsurveyed, All; 640 acres; |
| | | | | | Section 27: Unsurveyed, E/2, SW/4, E/2NW/4; 540 acres; |
| | | | | | Section 34: Unsurveyed, All; 640 acres; |
| | | | | | Section 35: Unsurveyed, All; 640 acres |
| | | | | | Segment 2: As to a 30% working interest in 200.00 acres, more or less, and described as follows: |
| | | | | | Section 22: Unsurveyed, SE/4NE/4, 40.00 acres; |
| | | | | | Section 23: Unsurveyed, NW/4, 160.00 Acres; |
| | | | | | Segment 3: As to a 70% working interest in 160.00 acres, more or less, and described as follows: |
| | | | | | Section 23: Unsurveyed, SE/4; 160 acres; |
| | | | | | Segment 4: As to a 70% working interest in 160.00 acres, more or less, and described as follows: |
| | | | | | Section 23: Unsurveyed, NE/4; 160 acres |
| | | | | | entire tract containing 3,320 acres, more or less. |

Page 12 of 16

FOC 000507

Exhibit A-1 Oil & Gas Leases

EXHIBIT    E
PAGE 20 OF 42

Exhibit A-1 Oil & Gas Leases

Attached to and made a part of that certain Assignment and Bill of Sale dated Effective November 1, 2006 by and between Forest Alaska Holding LLC, as Assignor, and Forest Alaska Operating LLC, as Assignee

BLM Leases, MMS Leases, and State of Alaska Leases

RECORDING INFORMATION

| LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | SERIAL # | DISTRICT | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| STATE OF ALASKA ADL 17602 | PAN AMERICAN PETROLEUM CORP | 2/1/1962 | 42 | 273 | | ANCHORAGE | Trading Bay Field, Tract 6 |

T. 8 N., R. 14 W., Seward Meridian, Alaska

Segment 1: As to a 70.000000% working interest in 1,280.00 acres, more or less, and described as follows:

Section 2: All, 640.00 acres;
Section 11: All, 640.00 acres;

Pertains to all depths.

Segment 3: As to a 46.800000% working interest in 640.00 acres, more or less, and described as follows:

Section 1: E2, 320.00 acres;
Section 12: E2, 320.00 acres;

Pertains to land from the surface down to the top of the Grayling Gas Sands or to a depth of 1,730 feet MD in the Trading Bay Unit K-2 well or the stratigraphic equivalent.

Segment B: As to a 46.800000% working interest in 640.00 acres, more or less, and described as follows:

Section 1: E2, 320.00 acres;
Section 12: E2, 320.00 acres;

Pertains to land below the Grayling Gas Sands or below 10,128 feet MD in the Trading Bay unit K-2 well of the stratigraphic equivalent.

Page 13 of 16

Exhibit A-1 Oil & Gas Leases

FOC 000508

EXHIBIT _E_

PAGE _21_ OF _42_