Michael Jungreis, ASBA No. 7711184
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
michael.jungreis@hartig.com
mail@hartig.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION and PACIFIC ENERGY ALASKA OPERATING, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL ALASKA,<br><br>　　　　Defendant. | Case: A05-0078 CV (RRB)<br><br>**CO-PLAINTIFF PACIFIC ENERGY OPERATING ALASKA LLC'S MOTION TO FILE AMENDED COMPLAINT AND CROSS-CLAIM** |

　　Pacific Energy Alaska Operating LLC, (PEAO) the moving party and co-plaintiff, was sold by Forest Oil to Pacific Energy Resources, an unrelated party, in August of 2007 (See Docket No. 110). Prior to that sale, the Alaska assets of Forest Oil were transferred into PEAO under its prior name of Forest Alaska Operating LLC (See Docket No. 103). There is now a conflict between Forest Oil and PEAO as to which owns the claims asserted in this action by Forest Oil.

　　Additionally, the defendant has asserted a counterclaim that includes a lien foreclosure that affects property transferred during the pendency of this action from Forest

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Motion to Amend Complaint
FOREST V. UNION OIL CO.

Page 1 of 3
A05-0078 CV (RRB)

Oil to, ultimately, PEAO. PEAO believes that Forest Oil is obligated to indemnify PEAO from the counterclaim, and to reimburse PEAO for the costs it is expending in this action.

These issues arise from the sale of PEAO, and therefore raise contractual issues that put PEAO at odds with Forest Oil. This Court originally joined PEAO when it was still Forest Alaska Operating LLC, with an order that provided that "All allegations in the complaint shall be deemed to have also been alleged by Forest Alaska Operating LLC, and all allegations in defendant's counterclaims shall be deemed to have also been alleged against Forest Alaska Operating LLC." See Docket No. 107.

Unless PEAO is permitted to file its own complaint, under the existing order, it will be tied to the complaint of a party with whom it is adverse.

Rule 15(a)(2), Fed.R.Civ.Pro., provides that the court should freely give leave for a party to amend its pleading when justice so requires. Here the moving party has never even filed a pleading, and has interests adverse to those of the party that filed the complaint to which it is currently bound. PEAO should also be allowed to make a cross-claim that goes to the merits of which party owns the claims asserted here, and to the rights of indemnification for this very litigation.

Discovery remains open in this case, and no trial date has been set. Justice requires that PEAO, as in effect a new party in this litigation, be permitted to assert its own claims herein.

PEAO also requests that, pursuant to D.Ak.LR 15.1(3), the Court grant leave for PEAO to refer to the existing complaint in its amended complaint and counterclaim without needing to "reproduce the entire pleading as amended," since this amendment will pertain only to PEAO and will not affect the existing pleading of the co-plaintiff, Forest Oil Corporation.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

DATED at Anchorage, Alaska, this 15th day of January, 2008.

                              HARTIG RHODES HOGE & LEKISCH
                              Attorneys for Plaintiff
                              Pacific Energy Alaska Operating LLC

                              By: /s/ Michael Jungreis
                                      Michael Jungreis

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of
January 2008 7a true and correct copy of
the foregoing was served on
Brewster H. Jamieson and Jeffry M. Feldman
by electronic means
through the ECF system as indicated on
the Notice of Electronic Filing.

/s/ Becky Nelson Lewis
Becky Nelson Lewis
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\100878\2\Pleadings\MOTION TO FILE AMENDED COMLPLAINT011508.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Michael Jungreis, ASBA No. 7711184
Jim Wilkson, ASBA No. 0612112
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
michael.jungreis@hartig.com
jcw@hartig.com
mail@hartig.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FOREST OIL CORPORATION, and FOREST ALASKA OPERATING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL ALASKA,<br><br>Defendants. | Case: A:05-0078 CV (RRB)<br><br>**AMENDED COMPLAINT AND CROSS-CLAIM OF PACIFIC ENERGY ALASKA OPERATING LLC** |

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Plaintiff Pacific Energy Alaska Operating LLC, for its causes of action, complains and alleged:

### Jurisdictional Allegations

1. Plaintiff Pacific Energy Alaska Operating LLC is a Delaware limited liability company. It was formerly known as Forest Alaska Operating LLC, and was joined to this

case as a plaintiff under that name by order dated July 23, 2007. On August 24, 2007, Forest Alaska Operating LLC filed a certificate of amendment with the State of Delaware Secretary of State, changing its name to "Pacific Energy Alaska Operating LLC". In this Amended Complaint and Cross-Claim, all references to Forest Alaska Operating LLC and Pacific Energy Alaska Operating LLC are to the same entity, respectively before or after August 24, 2007. Pacific Energy Alaska Operating LLC's principal place of business is in Alaska.

    2. Co-Plaintiff and Cross-Claim Defendant Forest Oil Corporation is a New York corporation, whose principal place of business is in Colorado. Defendant Union Oil Company of California is a California corporation, whose principal place of business is in California.

    3. The amount in controversy by virtue of the already-filed complaint (in part adopted herein) and counterclaims, as well as in the indemnity claims alleged against the cross-claim defendant, exceeds $75,000. The citizenship of the parties is diverse within the meaning of 28 U.S.C. §1332(a) and (c)(1). This Court therefore has jurisdiction of this action pursuant to the cited statute.

### Complaint and Cross-Claim – Count I – Ownership of Claims Asserted

    4. Plaintiff and Cross-Claim Defendant Forest Oil Corporation filed its complaint herein April 14, 2005 (Docket No. 001). On July 23, 2007, the Court entered an order (Docket No. 107) joining Forest Alaska Operating LLC (now Pacific Energy Alaska Operating LLC) as a party plaintiff in this case. The order provided that the allegations of the Complaint would be deemed to have been alleged by both plaintiffs. The averments of the Complaint are therefore deemed to have been alleged by Plaintiff Pacific Energy Alaska Operating LLC.

    5. Through a series of conveyances whose effective date was November 1, 2006, Forest Oil Corporation transferred its interests in the Trading Bay Unit, and all related property, rights and interests, to Forest Alaska Holding LLC, which in turn transferred those property, rights and interests to Forest Alaska Operating LLC.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

6. On or about May 24, 2007, Forest Oil Corporation, Forest Alaska Holding LLC, Forest Alaska Operating LLC and Pacific Energy Resources Ltd, executed and entered into a Membership Interest Purchase Agreement in which, for valid and sufficient consideration, Forest Oil Corporation and its subsidiary Forest Alaska Holding LLC agreed to transfer the entire membership interest in Forest Alaska Operating LLC to Pacific Energy Resources, Ltd. The said membership interest was conveyed as agreed to.

7. On or about May 24, 2007, as part of the same transaction as to which the Membership Interest Purchase Agreement described above was executed, Forest Oil Corporation entered into a written Asset Sales Agreement with Pacific Energy Resources Ltd, and with its subsidiary then known as Forest Alaska Operating, LLC. In the said Asset Sales Agreement, Forest Oil Corporation agreed to transfer assets and rights related to Alaska oil and gas interests to Pacific Energy Resources Ltd and its subsidiary Forest Alaska Operating LLC (now Pacific Energy Alaska Operating LLC). The said assets and rights were conveyed as agreed to.

8. The rights and interests conveyed and transferred in the transactions described in paragraphs 5 through 7 included all rights and interests as to which Forest Oil Corporation seeks relief in this case.

9. By virtue of the said transactions, all claims asserted in the Complaint are now the property of Pacific Energy Alaska Operating LLC. All the relief demanded in the prayer for relief of the Complaint herein should be granted to Pacific Energy Alaska Operating LLC to the exclusion of Forest Oil Corporation, which no longer has any interest or ownership of the claims and relief set forth in the Complaint.

### Cross-Claim – Count II – Indemnity

10. Paragraphs 1 through 9 are realleged.

11. On or about July 31, 2007, Forest Oil Corporation, Forest Alaska Holding LLC, Forest Alaska Operating LLC and Pacific Energy Resources Ltd, executed an Amendment No. 1 to Membership Purchase Agreement. This Amendment, which validly amended the May 24 Membership Interest Transfer Agreement, contained the following indemnity at its Paragraph 11:

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

> Pacific hereby waives any claim to breach of or defects under any of the following provisions of the Agreement:
>
> Section 3.4(b)
> Article IV (other than Section 4.10)
> Article V (other than Sections 5.4, 5.6 and 5.8)
> Section 7.3 through 7.6
> Section 7.13
>
> Notwithstanding the foregoing waiver, Forest agrees to indemnify and hold harmless FAO, Buyer and each of their Affiliates, and the officers, directors, employees and agents thereof, under the indemnification procedures set forth in Article XII, Section 12.3 of the Agreement, against any Losses arising from acts or omissions occurring prior to Closing which are or may be asserted in either of the following lawsuits:
>
> > a. *Marathon Oil Company v. Forest Oil Corporation, Union Oil Company of California, d/b/a Unocal Alaska and Chevron Corporation*, filed on May 3, 2006 in the United States District Court for the District of Alaska at Anchorage, Case No. 3:06-cv-00102-TMB.
> >
> > b. *Forest Oil Corporation v. Union Oil Company of California, d/b/a Unocal Alaska*, filed on April 14, 2005 in the United States District Court, Eastern District of Alaska, Case No. A-05-0078.

12. Article XII, Section 12.3 of the Membership Interest Purchase Agreement, referred to in Paragraph 11 of the Amendment quoted above, is attached hereto as Exhibit A and made a part hereof.

13. Paragraph 9 of the said Asset Sales Agreement is attached hereto as Exhibit B, and made a part hereof. The said paragraph constitutes an indemnification provision whereby Forest Oil Corporation indemnifies the entity now known as Pacific Energy Alaska Operating LLC from matters including any liabilities and costs arising through, in relation to, or as a result of any third-party lawsuits against Pacific Energy Alaska Operating LLC, including the instant action.

14. By virtue of the Agreements and Amendment described in this Count, Forest Oil Corporation is liable to indemnify and reimburse Pacific Energy Alaska Operating LLC for all costs of this action as well as for any liabilities, expenses, and detriments suffered by Pacific Energy Alaska Operating LLC by, through, or in relation to

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

this action or its subject matter, specifically including any harm suffered through the lien foreclosure claim of defendant Union Oil Company of California, as alleged in paragraphs 12-14 of Union Oil Company's counterclaims against Forest Oil Corporation.

15. .Both Pacific Energy Alaska Operating LLC and Forest Oil Corporation are parties to this action, and their respective claims, positions, and interests are in certain respects adverse to each other. This adversity creates a conflict of interest such that Forest Oil Corporation should not undertake the defense of Pacific Energy Alaska Operating LLC. Instead, Forest Oil Corporation should be required to pay the reasonable attorneys' fees and costs of litigation of this action incurred by Pacific Energy Alaska Operating LLC pursuant to the terms of the conveyance agreements entered into by the parties as alleged above.

### Cross-Claim – Count III – Declaratory Judgment

16. Paragraphs 1 through 15 are realleged.

17. Forest Oil Corporation maintains that, notwithstanding the conveyances and transactions alleged in paragraphs 5 through 10, that it still holds the claims asserted by it in the Complaint herein, to the exclusion of Pacific Energy Alaska Operating LLC.

18. Pacific Energy Alaska Operating LLC maintains that the result of the said conveyances and transactions, all entered into subsequent to the filing of the Complaint herein, are that the claims asserted in that Complaint are now held by it.

19. The foregoing represents an actual controversy within the jurisdiction of this Court. Pacific Energy Alaska Operating LLC therefore requests that this Court, pursuant to Federal R. Civ. P. 57 and 28 U.S.C. § 2201(a), declare the rights and legal relations of Pacific Energy Alaska Operating LLC and Forest Oil Corporation with respect to ownership of the claims asserted in the Complaint herein.

WHEREFORE, Pacific Energy Alaska Operating LLC hereby requests judgment as follows:

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

   1. Against Defendant Union Oil Company of California, in the nature and amount prayed for in the Complaint herein, except in favor of Pacific Energy Alaska Operating LLC rather than Forest Oil Company.

   2. Against Co-Plaintiff and Cross-Claim Defendant Forest Oil Corporation, for a mandatory injunction requiring the payment of costs and actual attorneys' fees of litigating this action, and of any liabilities, expenses, and detriments suffered by Pacific Energy Alaska Operating LLC by, through, or in relation to this action or its subject matter, specifically including any harm suffered through the lien foreclosure claim of defendant Union Oil Company of California; or in the alternative for judgment in the amount of such costs, liabilities, expenses and detriments.

   3. Declaring the respective rights and legal relations of Pacific Energy Alaska Operating LLC and Forest Oil Corporation with respect to the ownership of the claims asserted in the Complaint herein.

   4. For its attorney's fees and costs of this action, and any other and further relief that it may be entitled to with respect to this action.

   DATED at Anchorage, Alaska, this _____ day of January, 2008.

   HARTIG RHODES HOGE & LEKISCH
   Attorneys for Plaintiff
   Pacific Energy Alaska Operating LLC

   By: _____
   Michael Jungreis, ASBA No. 7711184
   Hartig Rhodes Hoge & Lekisch, P.C.
   717 K Street
   Anchorage, Alaska 99501
   Phone: (907) 276-1592
   Fax: (907) 277-4352
   michael.jungreis@hartig.com

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Amended Complaint and Cross-Claim                         Page 6 of 7
FOREST V. UNION OIL CO.                                   A05-0078 (RRB)

CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of
January 2008 a true and correct copy of
the foregoing was served on
Brewster H. Jamieson and R. Scott Taylor
by electronic means through the ECF system
as indicated on the Notice of Electronic Filing.

_____

Becky Lewis
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\100878\2\Pleadings\Amended Complaint and cross claim of PEAO.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Amended Complaint and Cross-Claim                    Page 7 of 7
FOREST V. UNION OIL CO.                              A05-0078 (RRB)

11. The text of Section 3.4(a) shall be deleted in its entirety and shall be replaced with the following:

    (a)     **This Section intentionally left blank**

12. Pacific hereby waives any claim to breach of or defects under any of the following provisions of the Agreement:

    Section 3.4(b)
    Article IV (other than Section 4.10)
    Article V (other than Sections 5.4, 5.6 and 5.8)
    Section 7.3 through 7.6
    Section 7.13

    Notwithstanding the foregoing waiver, Forest agrees to indemnify and hold harmless FAO, Buyer and each of their Affiliates, and the officers, directors, employees and agents thereof, under the indemnification procedures set forth in Section 12.3 of the Agreement, against any Losses arising from acts or omissions occurring prior to Closing which are or may be asserted in either of the following lawsuits:

    a. *Marathon Oil Company v. Forest Oil Corporation, Union Oil Company of California, d/b/a Unocal Alaska and Chevron Corporation*, filed on May 3, 2006 in the United States District Court for the District of Alaska at Anchorage, Case No. 3:06-cv-00102-TMB.

    b. *Forest Oil Corporation v. Union Oil Company of California, d/b/a Unocal Alaska*, filed on April 14, 2005 in the United States District Court, Eastern District of Alaska, Case No. A-05-0078.

13. Forest hereby waives any claim to breach of any of the following provisions of the Agreement:

    Article VI (other than Sections 6.6, 6.7 and 6.9)

14. Pacific hereby irrevocably waives the conditions to Closing contained in Section 8.1(d) of the Agreement. Forest hereby irrevocably waives the conditions to Closing contained in Section 8.2(b) of the Agreement.

15. The text of Section 9.1 shall be amended to delete the word "and" from the end of subsection (h) thereof, to delete the period at the end of subsection (i) thereof, and to add the following text at the end of subsection (i) thereof:

    ; and
    (j) an executed Share Acquisition and Registration Rights Agreement (as that term is defined in the Asset Sales Agreement dated May 24, 2007 but effective as of January 1, 2007 between Buyer and FOC).

Plaintiff EXHIBIT A p 1 of 1

include a description and full explanation (including any and all supporting documentation associated therewith) of each Alleged Title Defect being claimed and a value which Buyer in good faith attributes to curing the same. Seller shall have the right to notify Buyer of any increases in Net Revenue Interest or decreases in Working Interest in the Assets and request a corresponding adjustment. Buyer and Seller shall meet from time to time as necessary in an attempt to mutually agree on a proposed resolution with respect to the Alleged Title Defect(s) raised by Buyer and increases in Net Revenue Interest or decreases in Working Interest raised by Seller. The value allocated to each Asset as set forth on Exhibit "B" and the costs to cure such title defects shall be used by the parties to determine the amount of any adjustment, if any, due to the existence of an Alleged Title Defect. It is recognized that good faith differences of opinion may exist between Buyer and Seller in connection with the Alleged Title Defect(s) raised by Buyer and adjustments to the Net Revenue Interests or Working Interests raised by Seller, including without limitation, disputes as to: (a) whether or not the alleged defect constitutes an Alleged Title Defect within the meaning of this Agreement, (b) whether or not the Alleged Title Defect raised by Buyer was properly and timely asserted by Buyer pursuant to this Article, or (c) the appropriate upward or downward adjustment, if any, on account of a change in the Net Revenue Interest or Working Interest from those set forth in Exhibit "B". If any such differences of opinion are not resolved by mutual agreement of Buyer and Seller, either party shall have the right, exercisable prior to Closing, to submit all information relating to the Alleged Title Defect to a mutually agreeable attorney licensed in the state where the property at issue is located and who shall have at least ten (10) years oil and gas title experience for resolution of the difference of opinion. If such dispute is not resolved prior to Closing, Closing shall proceed on the basis of Seller's valuation, subject to an obligation to refund any amount, determined under the process outlined above, of any Title Defect that has been so determined.

(c)     Waiver. All title objections not raised within the time period provided in paragraph (b) above shall be waived by Buyer for all purposes.

9.    **Indemnification.** Buyer shall assume full responsibility for the Assets on and after the Effective Date and shall fully defend, compensate, protect, indemnify and hold Seller, its officers, directors, employees and agents, harmless from and against any and all losses, claims, demands, damages, suits, expenses, causes of action, and any sanctions of every kind and character (including reasonable attorneys' fees, court costs, and costs of investigation) which may be made or asserted by Buyer, Buyer's assigns, Buyer's employees, agents, contractors, and subcontractors and employees thereof, or (subject to Seller's representations and warranties in Sections 10.1 (c) and (d)) by any third parties (including governmental agencies) on account of personal injury, death or property damage (including claims for taxes, pollution, environmental damage, and regulatory compliance, any fines or penalties assessed on account of such damage, and causes of action alleging statutory liability) caused by, arising out of, or in any way incidental to operations conducted on the Assets on and after the Effective Date or in any way connected with the conditions of the equipment or facilities located on the Assets (including maintenance, repair and abandonment operations), and whether or not such losses, claims, demands, suits, causes of action, damages and sanctions are occasioned by, are incident to or are the result of the negligence or fault in whole or in part of Seller, its agents, representatives or employees or any other person or entity, or are occasioned by, are incident to or emanate from the unseaworthiness of vessels or alleged defects in lease equipment, facilities or pipelines; except

070404v05

6



Plaintiff EXHIBIT B p 1 of 2

Exhibit ___ page ___ of ___

EXECUTION COPY

however this indemnity shall not apply to losses sustained or liabilities arising out of Seller's gross negligence or willful misconduct.

For a period of one year after the Closing Date, Seller shall fully defend, compensate, protect, indemnify and hold Buyer, its officers, directors, employees, affiliates and agents, harmless from and against any and all losses, claims, demands, damages, suits, expenses, causes of action, and any sanctions of every kind and character (including reasonable attorneys' fees, court costs, and costs of investigation) which may be made or asserted (a) by Seller, Seller's assigns, Seller's employees, agents, contractors, and subcontractors and employees thereof, or by any third parties (including governmental agencies) on account of personal injury, death or property damage (including claims for taxes, pollution, environmental damage, and regulatory compliance, any fines or penalties assessed on account of such damage, and causes of action alleging statutory liability) caused by, arising out of, or in any way incidental to operations conducted on the Assets prior to the Effective Date or in any way connected with the conditions of the equipment or facilities located on the Assets (including maintenance, repair and abandonment operations), and whether or not such losses, claims, demands, suits, causes of action, damages and sanctions are occasioned by, are incident to or are the result of the negligence or fault in whole or in part of Buyer, its agents, representatives or employees or any other person or entity, or are occasioned by, are incident to or emanate from the unseaworthiness of vessels or alleged defects in lease equipment, facilities or pipelines; except however this indemnity shall not apply to losses sustained or liabilities arising out of Buyer's gross negligence or willful misconduct, and (b) by third parties with respect to any liabilities of Seller other than the Assumed Liabilities.

Production activities can result in the concentration of certain levels of naturally occurring radioactive material ("NORM") on production equipment and pipe so that, when brought to the surface, a health hazard may exist in connection with the removal, handling or disposal of such NORM-contaminated equipment or pipe, if proper environmental, regulatory and industrial hygiene procedures are not observed. The presence of NORM in or on facilities or equipment on the Assets on and after the Effective Date shall be the sole responsibility of Buyer, and Buyer shall indemnify and hold Seller harmless from and against any and all claims, losses, damages or liabilities arising from the presence of or in connection with the purchase, use, resale removal, handling or disposal of NORM-contaminated equipment or pipe sold under this agreement. Such indemnity shall apply without exception, and regardless of whether the claims, losses, damages or liabilities arise in whole or in part from the negligence (whether or not concurrent) of Seller or any other person or entity.

10. **Representations and Warranties.**

10.1 Seller's Representations and Warranties. Seller represents and warrants to Buyer as of the date of this Agreement and as of the Closing Date as follows:

(a) *Organization, Standing and Power.* Seller is a corporation duly organized, validly existing and in good standing under the laws of the state of New York and has all requisite corporate power and authority to own, lease and operate its properties and to carry on its business as now being conducted. Seller is duly qualified to carry on its business and in good standing in the State of Alaska.

(b) *Authority and Enforceability.* The execution and delivery by Seller of this Agreement, and the consummation of the transactions contemplated hereby, have been

07040495


Plaintiff EXHIBIT B p 2 of 2